The State *v.* Hartman.

## THE STATE *v.* HARTMAN.

CRIMINAL LAW. *Indictment for trespass. Pleading and practice.* An indictment for trespass, which is, in the language of the statute, except that it avers that the trespass was "unlawfully" committed, is good. Case cited: Doter *v.* The State, 6 Col., 545.

### FROM WASHINGTON.

Appeal from the Circuit Court. E. E. GILLENWATERS, Judge.

No counsel marked for plaintiff.

S. J. KIRKPATRICK, for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

This was an indictment for trespass, under sec. 4652, sub-sec. 7, of the Code. The indictment was quashed upon the authority of the case of *Doter* v. *The State*, 6 Col., 545. That indictment was in the language of the statute, as we infer from the opinion of the court, and it was held insufficient because it did not aver that defendant committed the trespass "knowingly and wilfully."

In the present case the indictment is in the language of the statute, except that it avers that the trespass was "unlawfully" committed. To make the trespass "unlawful," it must have been wilfully and

knowingly done. The case of *Doter* v. *The State,* therefore, is not applicable as authority for the quashing of the indictment.

We think the indictment was sufficient, and reverse the judgment.