### OTIS ARCHER v. THE STATE.

#### No. 3680.   Decided February 20, 1907.

**Disturbing Religious Worship—Sunday School—Jury Law—Verdict.**

Upon trial for disturbing a Sunday school, it was error to permit the parties to agree that a judgment of conviction upon a verdict of four jurors be entered, and that it was so entered.

Appeal from the District Court of Hutchinson. Tried below before the Hon. B. M. Baker.

Appeal from a conviction of disturbing religious worship; penalty, a fine of $25.

The opinion states the case.

*Willis & Willis,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of disturbing Sunday school, and his punishment assessed at a fine of $25. By agreement appellant was tried by a jury. The jury disagreed, and both sides, the State and defense, agreed upon a verdict signed by the majority of the jury. The verdict was so returned and accepted. It seems that four of the jury were for conviction and wrote out and signed a verdict convicting appellant, and assessing his punishment at a fine of $25. Two of the jury wrote out a verdict of acquittal and signed same. In this shape the matter was returned to the consideration of the court, and under agreement of the State and defense the court entered up the judgment of conviction upon a verdict of the four jurors. There is no authority in Texas for less than a full jury rendering a verdict in either a civil or criminal case. This being true, the judgment is reversed and the cause remanded.

*Reversed and remanded.*