JIM WEHUNT v. THE STATE.

(*Knoxville*.    September Term, 1916.)

**INDICTMENT AND INFORMATION.** Negativing exception of statute. Carrying pistol.

Under the statute providing that it shall not be lawful for any person to carry publicly or privately any kind of pistol, except the army or navy pistol, which shall be carried openly in the hand, an indictment charging that defendant, on a specified date, unlawfully carried "a pistol for the purpose of going and being armed, against the peace and dignity of the State," was insufficient for its omission to charge that the weapon was not an army or navy pistol carried openly in the hand.

Cases cited and approved:   Steel v. Smith, 2 Bar & Ad., 94; Jones v. Axon, 1 Ld. Raymond, 120;   State v. Jones, 10 Tenn., 22;   United States v. Cooks, 17 Wall., 168;   Sword v. State, 24 Tenn., 102;   Martin v. State, 25 Tenn., 207;   Freeman v. State, 118 Tenn., 95;   State v. Jackson, 69 Tenn., 680;   State v. Staley, 71 Tenn., 565.

Cases cited and distinguished:   Matthews v. State, 10 Tenn., 233; Porter v. State, 66 Tenn., 106;   Villines v. State, 96 Tenn., 141.

FROM BRADLEY.

Error to the Circuit Court of Bradley County.— S. C. BROWN, Judge.

MAYFIELD & MAYFIELD and EUGENE E. IVINS, for plaintiff in error.

FRANK M. THOMPSON, Attorney-General, for the State.

Mr. Chief JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was convicted in the circuit court of Bradley county, on the charge of carrying a pistol. He has appealed to this court and assigned errors.

The only question which it is necessary to consider arises on the presentment. It reads, omitting the formal parts:

"That Jim Wehunt heretofore, on the 28th day of March, 1915, in the county aforesaid, did unlawfully carry a pistol for the purpose of going and being armed, against the peace and dignity of the State."

The plaintiff in error moved to quash the presentment on the ground that it failed to charge that the pistol "was not an army or navy pistol, carried openly in the hand." The trial judge overruled the motion.

It is insisted in behalf of the plaintiff in error that the quoted language states in substance the exception contained in the statute, and that it should have been embraced in the indictment, under the rule laid down in *Matthews* v. *State*, 2 Yerg. (10 Tenn.), 233.

The statute, so far as necessary to quote, reads:

"That hereafter it shall not be lawful for any person to carry publicly or privately any belt or pocket pistol, revolver, or any kind of pistol, except the

army or navy pistol, usually used in warfare, which shall be carried openly in the hand.''

In *Porter* v. *State*, 7 Baxt. (66 Tenn.), 106, an indictment was approved in the form now contended for, and we think this is the correct view.

The rule approved in *Matthews* v *State*, supra, is:

''When a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. But on the contrary if the exceptions . . . are stated in the enacting clause, it will be necessary to negative them in order that the description of the crime may, in all respects, correspond with the statute.''

The rule applies where the exception is so incorporated with the enacting clause that the one cannot be read without the other. *Steel* v. *Smith*, 2 Bar. & Ad., 94; *Jones* v. *Axon*, 1 Ld. Raymond, 120; 1 Johns., 304; note to *State* v. *Jones*, 2 Yerg. (10 Tenn.), 22, 23. It is said, in substance, in *Steel* v. *Smith*, that the rule does not apply where the language of the section is such ''that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception;'' that is, where the language defining the offense is so separable from the exception that this may be done. But as said in *Villines* v. *State*, 12 Pick. (96 Tenn.), 141, 33 S. W., 922, the mere fact that the definition of the offense and the exception appear in the same

section does not necessarily require that the exception shall be negatived in the indictment. It must appear that:

"The exception is so intermingled with the offense in the language defining it, that the latter cannot be fully stated when the former is omitted."

It is pointed out in that case also, approving and following the opinion of Mr. Justice Clifford, in *United States v. Cook,* 17 Wall., 168, 21 L. Ed., 538, that some confusion has arisen by reason of the use of the term "enacting clause," as suggesting a difference between it and some subsequent section. "The difference" said the learned justice, "is to be found, not in the place that the proviso occupies in the statute, but rather in its relation to that clause of the statute defining the offense. Is it so incorporated with the substance of that clause as to constitute a material part of the description of the acts, omissions, or other ingredients which constitute the offense? If so, then the indictment cannot safely omit to negative it. But if it is not so incorporated, then it is a matter of defense, and must be shown by the other party, though it be in the same section, or even in the succeeding sentence." It is the logical connection of the description and the exception which controls—the relation of part and whole. It is the exception a part of the description of the offense? That is the determinative question. And see 3 Mod. Am. Law, pp. 298, 299, sec. 43. A good illustration is found in *State v. Jones,* supra. The statute on which

the indictment in that case was founded described the offense in the following language:

"If any white person, free negro, or mulatto, shall harbor or maintain any slave *without the consent of his or her owner*," such person shall be punished, etc.

The indictment omitted the words which we have italicised, and this was held a fatal defect, because the omitted words embraced a part of the description of the offense. Other illustrations appear in our cases (*Sword* v. *State*, 5 Humph. [24 Tenn.], 102; *Martin* v. *State*, 6 Humph. [25 Tenn.], 207; *Freeman* v. *State*, 118 Tenn., 95, 100 S. W., 723), but we need not pursue the discussion further. Yet we may add that in *Lambeth* v. *State*, 3 Shann. Tenn. Cas., a distinction seems to be entertained where the matter of the exception is peculiarly within the defendant's own knowledge, as, for example, his age (3 Shan. Cas., at pages 758, 759); also that there need be no formal negative where the very terms used in the indictment necessarily negative the exception, as seen in the first count of the presentment in *State* v. *Jackson, infra.* We think it clear that in the statute before us, the words of the exception constituted a part of the description of the offense, which could not be read without them, and that the exception should have been negatived. We believe, moreover, that from the passage of the act this has been generally so understood by the profession and the judiciary of the State, and that presentments have almost invariably appeared in that form. At least such is our observa-

tion, based on our experience both at the bar and on the bench. We have a case, it is true (*State* v. *Jackson*, 1 Lea [69 Tenn.], 680) which at first blush seems to express a contrary view, but the opinion is susceptible of the construction that the motion to quash was not good because leveled at the whole indictment, when without doubt one of the three counts, in any view, was good; the first, which charged the carrying of a "pocket pistol." This description negatived necessarily the exception as to the army or navy pistol. The opinion in that case is very brief, and rather obscure. It cannot, at all events, be accepted as stating a rule different from the one we apply in the present case which has been so long, and so generally, approved and acted on. Indeed, the learned justice who delivered the opinion shows in a later case (*State* v. *Staley*, 3 Lea [71 Tenn.], 565, 566) that he fully recognized the rule.

The result is the judgment of the trial court is reversed, the indictment quashed, and the suit dismissed.