W. R. Glasscock, *et al. v.* City of Chattanooga.

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

### 1. CONSTITUTIONAL LAW. MUNICIPAL ORDINANCE.

City ordinance absolutely forbidding the carrying of pistols **held** invalid in view of constitutional grant of right to bear arms. (Post, p. 519.)

Constitution cited: Art. 1, Sec. 26.

Cases cited and approved: Andrews v. The State, 50 Tenn. (3 Heisk.), 165.

### 2. PLEADING AND PRACTICE. MUNICIPAL ORDINANCE.

Municipal warrant for carrying pistol under municipal ordinance making offenses against the State, offenses against municipality, must contain statutory description of offense sought to be charged. (Post, p. 520.)

Code cited: Thompson's-Shannon's Code, Sec. 6641.

Cases cited and approved: Wehunt v. State, 136 Tenn., 223.

---

FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton County. —Hon. C. W. Lusk, Judge.

R. J. Bork, for plaintiffs in error.

JOE ANDERSON, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

These three cases were heard together in the lower courts and in this court. They are prosecutions starting in the city court of Chattanooga under an ordinance of that city directed against the carrying of a pistol. The defendants below in each case were found guilty in the city court. Each case was appealed to the criminal court of Hamilton County and the judgment of the city court in each case affirmed and appeals in error have been prosecuted to this court.

(1) Plaintiffs in error challenged the validity of the ordinance of the city under which they were convicted. The bill of exceptions shows this ordinance, section 675, Carden and Evans Code, to be as follows:

"It shall be deemed a misdemeanor to carry on or about the person any pistol, sword cane, bowie knife, Spanish stiletto, dirk or other deadly weapon."

In the famous case of *Andrews* v. *State*, 50 Tenn. (3 Heisk.), 165, an Act of the Legislature was under consideration which made it unlawful "for any person to publicly or privately carry dirk, sword cane, Spanish stiletto, belt or pocket pistol or revolver." In view of the provision of the Constitution of Tennessee "that the citizens of this State have a right to keep and bear arms for their common defense" section 26 of Article I, Constitution of 1870, also contained in earlier constitutions, the court held the Legislature did not have the power to absolutely forbid the carrying of any sort of pistol under all circumstances, but only had a right to regulate this

matter. Since this decision, and for many years, the law of the State has prohibited the carrying of a pistol "except the Army or Navy pistol, usually used in warfare, which shall be carried openly in the hand."

There is no qualifications of the prohibition against the carrying of a pistol in the city ordinance before us but it is made unlawful "to carry on or about the person any pistol," that is, any sort of pistol in any sort of manner. Upon the authority of *Andrews* v. *State, supra,* we must accordingly hold the provision of this ordinance as to the carrying of a pistol invalid.

(2) On the trial below the city relied on another ordinance, section 672, Carden and Evans Code, as follows:

"Any person doing or causing to be done in this City, any act or acts, which by the laws of Tennessee are holden to be a misdemeanor, said person shall be considered a violator of this ordinance and on conviction shall be punished according to this ordinance. All offenses against, or violations of, or infractions of, any ordinance of this City which have been or may hereafter be defined to be a misdemeanor as provided in the charter of the City of Chattanooga shall be punished by a fine of not less than two nor more than fifty dollars for each and every offense."

It is urged that this ordinance has the effect of carrying section 6641, Thompson's-Shannon's Code, referred to above, into the municipal laws and that the conviction below can be sustained in this way.

If it be conceded that section 672, Carden and Evans Code, is sufficiently definite and has the effect ascribed to it, nevertheless the city's case must fail. The city warrants under which the defendants below were prosecuted only charged the commission of the offense of "un-

lawfully carrying pistol." That is an inadequate charge under section 6641, Thompson's-Shannon's Code, if said section be a part of the law of Chattanooga. In *Wehunt v. State*, 136 Tenn., 223, this court held that the exception was part of the description of this offense and an indictment was bad which omitted to charge that the pistol carried was not an Army or Navy pistol carried openly in the hand.

It follows that none of the defendants below were charged with any offense denounced by a valid ordinance and the judgment in each case must be reversed and each case dismissed.