KNOWLING *v.* STATE.

(*Knoxville*, September Term, 1939.)

Opinion filed April 6, 1940.

CLEMENTS & CLEMENTS and KENNERLY & KEY, all of Knoxville, for plaintiff.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

· MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff-in-error operated a small loan business under the name of Lamar Lewis Company on the mezzanine floor of the Burwell Building in Knoxville, and was convicted under an indictment charging him with unlawfully engaging in the business of making loans in amounts of $300 or less without qualifying under Code, Section 6721 et seq., by first obtaining a certificate or permit from the Superintendent of Banks. He was fined $500 and appealed.

His assignments of error raise, substantially, questions as to, (1) the preponderance of the evidence, (2) the admissibility of certain testimony, (3) the correctness of certain parts of the charge, and (4) the rejection of a motion to quash the indictment.

 As framed the assignments challenge the refusal of the trial Judge to direct a verdict at the conclusion of the evidence. This Court has never recognized with approval this practice of directing verdicts in criminal cases, but we have looked through the form of the assignments to the substance, which is as above stated. Also, it may be said here, in considering the evidence, that counsel is in error in stating that the presumption of innocence which prevails in the trial Court, likewise applies here. The opposite is true, and we have repeatedly so held. *Mahon* v. *State,* 127 Tenn., 535, 156 S. W., 458; *Cooper* v. *State,* 123 Tenn., 37, 138 S. W., 826.

We find no difficulty on the facts. It is not possible to read this record and conclude that Knowling was not

conducting this small loan business and loaning money at otherwise prohibited rates, that is, in excess of six per cent.

The real insistence here is that the State failed to prove two negatives, (1) that no certificate, or permit, had been issued to the defendant or his loan company by the Superintendent of Banks, and (2) that the business was not done on the Morris Bank Plan.

It is true that an essential ingredient of the offense charged is that the business is being conducted without this permit; and it is also true that if the business is done on the Morris Bank Plan this particular permit is not exacted.

Counsel relies on *Villines* v. *State,* 96 Tenn., 141, 33 S. W., 922, to sustain his insistence that the State must not only prove the doing of this business, but that it was being done without this permit. Counsel apparently fail to distinguish between the duty of the State to negative the exception or exempting proviso in the indictment, and the duty to carry the burden of proving the negative on the trial. The Villines case supports the first proposition that the indictment must charge that the exception or proviso has not been met. This has been settled in this State for one hundred and twenty years, since Judge HAYWOOD's opinion in *State* v. *Jones,* 10 Tenn. (2 Yerg.), 22, where the offense was harboring a slave "without the consent of his or her owner," and the indictment having omitted these words, the omission was held fatal. And see *Wehunt* v. *State,* 136 Tenn., 223, 188 S. W., 939, where this holding is approved, and many cases cited. The indictment here clearly charges that the defendant is doing this business without having first obtained this certificate from the Superintendent of Banks. And the State has carried the burden of showing by the testimony

of an employee of the State Banking Department that the defendant had not obtained this certificate, unless this testimony was inadmissible and should have been excluded on the objection of defendant. The point was made, and is here urged, that the witness admitted that he was not personally in charge of the particular records pertaining to this matter, and that he admitted further that his information came to him from another, and was not the result of his personal examination. It is plausibly argued that this testimony should have been rejected as hearsay, and that with this out the State failed to prove that the defendant had not obtained the certificate.

█ █ We find it unnecessary to decide this issue, for the reason that we cannot agree with learned counsel that the burden was on the State to prove this negative, as to which the fact was peculiarly within the knowledge of the defendant. A distinction apparently overlooked is clearly recognized by the highest authorities on evidence between the obligation of the State to charge in the indictment the failure of the defendant to bring himself within the exception, or exempting proviso (here the procuring of the permit), and the obligation to prove this negative on the trial when the determinative fact is peculiarly within the knowledge of the defendant. We quote from Greenleaf's Law of Ev. (15 Ed.), sec. 79:

"But where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it, without the least in-

convenience; whereas, if proof of the negative were required, the inconvenience would be very great." A number of cases are cited in the notes.

2 Chamberlayne's Evidence, section 983, is to the same effect, referring to numerous cases. We are cited to no reported Tennessee case on the point, but we find that the Federal Court of Appeals for the Sixth Circuit has so held in *Faraone* v. *United States,* 259 F., 507, 509, wherein the defendant was on trial for carrying on a retail liquor business without having obtained a Federal license. In that case the government had made no effort, as it did do here, to prove the averment in the indictment that the special tax required by law had not been paid. The Court said:

"If payment had been made, the fact was peculiarly within defendant's knowledge, and he could have shown it without inconvenience. He could thereby have prevented any proceedings against him, or could have brought them to an end at any time. The subject is discussed at length in 2 Chamberlayne's Evidence, section 983, which references to many cases." The following cases are cited with the comment that they are "directly in point." *Williams* v. *People,* 121 Ill., 84, 11 N. E., 881; *People* v. *Boo Doo Hong,* 122 Cal., 606, 55 P., 402; *State* v. *Foster,* 23 N. H., 348, 55 Am. Dec., 191; *State* v. *Shaw,* 35 N. H., 217; *Wheat* v. *State,* 6 Mo., 455.

And see 20 Am. Jur., paragraph 150, where it is said: "But where a negation is peculiarly within the knowledge of the defendant, the burden is on him to establish that fact. Thus, where a charge is made that the defendant carried on a certain business without a license, the fact that he has a license is peculiarly within his knowledge and he must establish that fact or suffer conviction," citing *Conyers* v. *State,* 50 Ga., 103, 15 Am. Rep., 686;

*State* v. *Krasne,* 103 Neb., 11, 170 N. W., 494, citing R. C. L.; *In re Oliver,* 21 S. C., 318, 53 Am. Rep., 681; *Bell* v. *State,* 62 Tex. Cr. R., 242, 137 S. W., 670, 36 L. R. A. (N. S.), 98, Ann. Cas. 1913C, 617; *State* v. *Harding,* 108 Wash., 606, 185 P., 579, citing R. C. L.

This seems a fair and sound rule of evidence. In the instant case the defendant did not take the stand, or offer any evidence to refute the proof of the plaintiff that he was doing a small loan business, or any evidence that he had complied with the law in securing the required certificate. We hold that the case was made out by the State.

And so on the question that he was doing business similar to that of a Morris Plan Bank in which circumstances the certificate is not required. No proof was made of what is the peculiar nature of this particular form of business and no effort made to show that this defendant did a business of this character. This was a matter of defense, and if not the rule of evidence above approved would have application, this being again a fact peculiarly within the knowledge of the defendant.

We have examined the objections to the charge. While the trial judge did get somewhat confused in giving some figures and calculations to the jury, he corrected himself and we think no material injustices have resulted. We find no error and the judgment is affirmed.