RICHARDS *v.* STATE

(*Nashville,* December Term, 1946.)

Opinion filed May 3, 1947.

Rehearing denied May 31, 1947.

A. R. HOGUE, H. N. WRIGHT and ROBT. F. TURNER, all of Jamestown, for Richards.

ALLISON B. HUMPHREYS, JR., Assistant Attorney General, for State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant, Charlie Richards, was indicted under section 10853 of the Code for unlawfully and maliciously cutting timber on the land of another for the purpose of marketing the same. He was convicted and sentenced to serve one year in the penitentiary.

The prosecutor, W. B. Atkinson, contended that after a chancery court decree was entered establishing a line between Richards and himself, that the latter came on his inclosed land and cut, removed and marketed between 30,000 and 50,000 feet of timber after he had warned him not to do so. That the defendant threatened to give him a beating if he did not get out of the woods, and after this the prosecutor, 72 years of age, instituted this criminal proceeding against him.

We find from the evidence that this is not a case where two persons are claiming in good faith to own the timber in question and in which the criminal court is not the proper place to try property rights in the timber; but is a case in which the rights of the prosecutor have been established by a final decree in a court of equity, and the defendant has trespassed on the prosecutor's land and cut and removed valuable timber for the purpose of sale.

The jury found the issue against the defendant and the trial judge approved the verdict. We cannot say that the evidence preponderates against the verdict.

The State moved that the bill of exceptions be stricken because not filed in time, but on account of the circumstances insisted upon by counsel for the defendant, sup-

ported by affidavit, we have reviewed the facts as above indicated.

The defendant moved the court that the indictment be quashed because the land from which the timber was alleged to have been cut and marketed was not described in the indictment, and that he had no proper legal notice of the crime of which he was charged.

The State concedes that we have no case in which this question has been passed upon in relation to the statute under which the defendant was indicted. The statute (Code, sec. 10853) reads as follows: "It shall be a felony for any one knowingly, willfully, and maliciously to cut, or to remove for the purpose of marketing the same, timber from the lands of another, without the consent of the owner of the timber."

We have several cases in which the sufficiency of indictments under the above-quoted statute have been discussed, although the question raised here was not discussed. *Green* v. *State*, 147 Tenn. 299, 247 S. W. 84, 28 A. L. R. 842; *State* v. *Smith*, 119 Tenn. 521, 105 S. W. 68; *Freeman* v. *State*, 118 Tenn. 95, 100 S. W. 723; *Whim* v. *State*, 117 Tenn. 94, 94 S. W. 674

While we have no case holding that it was unnecessary to describe the land, we do have a trespass case (*State* v. *Hartman*, 67 Tenn. 384) holding that where the language of the statute was followed the indictment was good.

In *Ayres* v. *State*, 115 Tenn. 722, 723, 91 S. W. 195, wherein it was contended that the indictment for arson should be quashed because the description of the property was too vague and uncertain, the Court said that "the weight of authority is that it is enough in an indictment for arson to allege that the building burned is within the jurisdiction of the court."

■ In the present case the indictment alleged that the defendant "did unlawfully, willfully, feloniously, knowingly, wantonly and maliciously cut and remove certain valuable timber from the lands of W. B. Atkinson, he having title thereto, without his consent, for the purpose of marketing the same." We think, therefore, that the description was sufficient and that the motion to quash was without merit.

The other assignments of error are without merit and are overruled.

The judgment of the lower court is affirmed.

All Justices concur.