Roger Dale **WILLERSON** et al., Plaintiffs-in-Error,

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 24, 1972.

Certiorari Denied by Supreme Court March 20, 1972.

Robert A. Scott, Cleveland, for plaintiffs in error.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Tom J. Taylor, Dist. Atty. Gen., Athens, Earle G. Murphy, Asst. Atty. Gen., Cleveland, for defendant in error.

## OPINION

MITCHELL, Judge.

The defendants Roger Dale Willerson, Marshal E. Fortner and Wayne K. Slaughter were indicted March 1, 1971 in the Criminal Court of Bradley County, Tennessee upon a charge of unlawfully and feloniously possessing explosives, dynamite, fuses, caps and wiring in violations of regulations of state fire marshal, for purpose of commiting illegal act in January 1971. The indictment was based on T.C.A. § 39–1406 which is in the following language:

"Except as authorized by law or regulations of the state fire marshal, any person or persons who may be found to be in possession of or to have transported any explosive or explosives, or to have in possession or transported any component part of an explosive or explosives such as fuses, caps, detonators, wiring, or other means of creating an explosion or explosions of an illegal act capable of producing conditions destructive to life or property shall be deemed guilty of a felony."

Defendants were tried and convicted March 24, 1971. The jury fixed punishment at two years each in state penitentiary on which the trial judge Honorable James C. Witt pronounced judgment.

The motion for a new trial was heard and overruled April 24, 1971. The defendants prayed and were granted an appeal and have assigned errors.

About eight o'clock Sunday evening January 17, 1971, Officer James Robert Crawford a semi-retired City Policeman and his partner in their patrol car were making their regular check in the area of the city dump. As they were traveling south on Shelia Street approaching 6th Street in Cleveland, Tennessee, they observed a Mustang automobile, Tennessee License No. CRO456, parked in the center of the street. The man under the wheel took a drink out of a paper cup and threw it out the window. One of the officers turned on the blinker light of their car and got out. The defendants Roger Dale Willerson, Marshal E. Fortner and Wayne K. Slaughter were in the Mustang car.

The driver of the Mustang, Wayne Slaughter, got out and came meeting the officers exhibiting his drivers license.

While Crawford's partner Rouser was checking the drivers license Crawford looked into the defendants' car and on the floorboard in plain view he saw a circular bundle of dynamite bound with masking tape. They found another bundle of dynamite sticks on the floorboard of the rear seat. Officer Crawford saw one of the defendants twisting an empty Salem cigarette pack which he put in his shirt pocket. Two weeks later they found 4 little blasting caps in an empty Salem cigarette pack under the front seat of the patrol car in which the defendants had ridden. There were 25 sticks of dynamite in each bundle. They were wrapped with white masking tape. The roll of the tape in the car corresponded in width and color with the tape wrapped around the dynamite. "The bundle in the front part of the car had one of these type pencils, with the shield on, sticking straight up in the center of the bundle." Experts say that an instrument similar to the pencil may be used in inserting or placing blasting caps in the dynamite.

Officer Rouser generally corroborated Officer Crawford, and stated it was not necessary to search the car to see the dynamite and the bottle of whiskey or tape in it. That the way the pencil was gouged down in the bundle of dynamite meant somebody was fixing to put blasting caps into the dynamite.

The defendants had no permit issued by the State Fire Marshal.

The defendants Slaughter and Willerson testified but Fortner did not testify. It was the contention of the defendants that they are not guilty. That the Mustang was defendant Slaughter's car. They were drivig towards Cleveland. Roger Dale Willerson had some kind of whiskey. They stopped to let them use the restroom. Roger and Marshal had been drinking and came back to the car with two packages which they though were railroad flares. They had no idea they were possessing dynamite. Slaughter said they did not have anything like dynamite caps or electric wires. That they did not attempt to conceal the bundles.

Roger Dale Willerson said he was fixing up a car for his wife and was going to do some painting to it and had Wayne Slaughter get him a roll of tape to use in painting it.

That they were on their way to see some girls in Cleveland but they got lost and did not get to the place. They stopped to use the bathroom. That he and Marshal were in behind the Mustang and saw the big white packages over beside the road. They did not know what they were, and carried them back to the car, that he thought they might be railroad flares. That they did not have any dynamite caps. That he had Camel cigarettes. That the officers searched them thoroughly at the time of arrest.

## ASSIGNMENTS OF ERROR

1. The trial judge erred in denying Defendants' motion to suppress the evidence obtained in a search of Defendants' automobile.

2. The trial judge erred in permitting testimony relating to blasting caps found in a police car several days after the Defendants' arrest.

3. The evidence preponderates against the verdict of the jury and in favor of the Defendants' innocence.

Assignments of error 1 and 2 cannot be considered because they were not brought to the attention of the trial judge in the motion for a new trial. Hancock v. State, Tenn.Cr.App., 430 S.W.2d 892; Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780.

Under assignment of error 3, the defendants insist that the evidence preponderates against the verdict and in favor of their innocence and that there is no material evidence to support the verdict of guilty.

The verdict of the jury has settled the question of the preponderance of the evidence and as approved by the Trial Court has removed the presumption of innocence which stood for the defendants in the trial court and they are here under a presumption of guilt. We may not reverse a case on the facts unless the evidence preponderates against the verdict and we find it does not. Gann v. State, 214 Tenn. 711, 383 S.W.2d 32; Holt v. State, 210 Tenn. 188, 357 S.W.2d 57.

The defendants contend that the burden is on the state to prove that the State Fire Marshal had not granted the defendants a permit to possess explosives. The law is to the contrary. In Hayes v. State in an opinion by Judge Oris D. Hyder filed April 30, 1970 we said:

"It is forcefully argued that the State failed to show that the defendants did not come within one of the exceptions provided in the statute. It is contended that the State failed to prove, beyond a reasonable doubt, that possession of the dynamite was not authorized by law or the regulations of the State Fire Marshal. The statute does except certain categories from the operation of its provisions, but these exceptions constitute defenses to a charge under this statute, and the burden is on the defendants to show their existence and that they come within these exceptions. This has been pointed out with approval by our Supreme Court in cases dealing with other crim-

inal statutes which exempt certain categories from the operation of their provisions. See Knowling v. State, 176 Tenn. 56, 138 S.W.2d 416; Terrell v. State, 210 Tenn. 632, 361 S.W.2d 489. We find that the same reasoning applies to this statute as to those involved in the cases cited. Where a negation is peculiarly within the knowledge of the defendant, the burden is on him to establish that fact or suffer conviction."

In Knowling v. State, Supra, the Court said:

"We find it unnecessary to decide this issue, for the reason that we cannot agree with learned counsel that the burden was on the State to prove this negative, as to which the fact was peculiarly within the knowledge of the defendant. A distinction apparently overlooked is clearly recognized by the highest authorities on evidence between the obligation of the State to charge in the indictment the failure of the defendant to bring himself within the exception, or exempting proviso (here the procuring of the permit), and the obligation to prove this negative on the trial when the determinative fact is peculiarly within the knowledge of the defendant. We quote from Greenleaf's Law of Ev. (15 Ed.) Sec. 79:

"But where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any persons, except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it, without the least inconvenience; whereas, if proof of the negative were required, the inconvenience would be very great." A number of cases are cited in the notes.

And see 20 Am.Jur., paragraph 150, where it is said: "But where a negation is peculiarly within the knowledge of the defendant, the burden is on him to establish that fact. Thus, where a charge is made that the defendant carried on a certain business without a license, the fact that he has a license is peculiarly within his knowledge and he must establish that fact or suffer conviction," citing Conyers v. State, 50 Ga. 103, 15 Am. Rep. 686; State v. Krasne, 103 Neb. 11, 170 N.W. 494, citing R.C.L.; In re Oliver, 21 S.C. 318, 53 Am.Rep. 681; Bell v. State, 62 Tex.Cr.R. 242, 137 S.W. 670, 36 L.R.A.,N.S., 98, Ann.Cas.1913C, 617; State v. Harding, 108 Wash. 606, 185 P. 579, citing R.C.L."

Against the defendants' contention that they did not possess dynamite for the purpose of committing an illegal act stands the provisions of T.C.A. § 39–1409 which is as follows:

"Possession without compliance with regulations of state fire marshal deemed prima facie possession or transportation for illegal use.—Any person or persons found to have in their possession or to be transporting explosive or explosives as defined in § 39–1405 and who have not complied with the regulations of the state fire marshal in the keeping, storing, use, manufacturing, sale, handling, transportation or other disposition of explosive or explosives shall be deemed to have the same in their possession, transportation, direction or control prima facie for the purpose of committing an illegal act, and it shall not be required of the state to prove what property or life might have been endangered thereby."

The defendants' testimony about how they came into possession of the dynamite was not impressive and was rejected by the jury and the trial judge.

■ We hold that the defendants have failed to show that the verdict preponderates against their guilt and in favor of their innocence, and they have failed to over-

come the inference that they had the dynamite for an illegal purpose as imposed on them by T.C.A. § 39–1409.

There is in the record a motion filed November 17, 1971 by counsel for Marshal E. Fortner to the effect that the defendant Fortner was arrested and incarcerated in Hamilton County on a separate offense and that he desired to serve his sentences concurrently and requested his appeal be dismissed.

The case was taken on briefs and we have elected to disregard his request to dismiss his appeal and have given all three of the defendants a complete review of their convictions.

We find they have had a fair and impartial trial and that they have been properly convicted.

The assignments of error are overruled and the judgment affirmed.

RUSSELL and DWYER, JJ., concur.