**Michael B. HAYES, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.
March 8, 1974.

Certiorari Denied by Supreme Court
July 1, 1974.

J. H. Reneau, III, Celina, for plaintiff in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Baxter Key, Jr., Dist. Atty. Gen., Carthage, for defendant in error.

OPINION

WALKER, Presiding Judge.

In two counts the Clay County grand jury indicted the defendant below, Michael

B. Hayes, and a codefendant, Joyce Short, in the first count with feloniously possessing a controlled substance, methadone, with intent to manufacture, deliver or sell and in the second count with the misdemeanor of possessing that controlled substance without a valid prescription. On their trial the jury acquitted Miss Short but found the defendant guilty of the misdemeanor of possessing methadone and fixed his punishment at six months in jail and recommended that the jail sentence be suspended. The trial judge overruled his motion for a new trial and sentenced him to six months in jail. He appeals in error.

The evidence showed that on September 18, 1972, the sheriff of Clay County saw the defendant with a medicine bottle, two hypodermic needles and two syringes as the defendant administered a shot into Miss Short's right arm. The sheriff arrested the defendant and his codefendant and confiscated the half-full bottle and the needles and syringes. The bottle was labeled dolophine hydrochloride, which is methadone, a Schedule II drug. A chemical analysis showed the substance to be methadone as alleged in the indictment.

Neither the defendant nor his codefendant testified or offered any evidence.

In challenging the sufficiency of the evidence, the defendant says there is no proof that the methadone was not obtained by him from a practitioner or by a written prescription from a practitioner and that there is no proof that methadone is a controlled substance and contained in the schedule.

■ The state is not required to prove a negative, that the defendant had no prescription nor received the substance from a practitioner. T.C.A. § 52–1444(a) provides that the state is not required to negate this exemption or exception and the burden of proof on this is upon the person claiming it. In Fell v. Armour, D.C., 355 F.Supp. 1319 (1972), the court held that this provision does not violate due process of law.

In Willerson v. State, Tenn.Cr.App., 478 S.W.2d 907, the defendant was charged with unlawfully possessing explosives except as authorized by law or regulations of the state fire marshal. We held that the state was not required to prove that the defendant did not have a permit to possess explosives. See also Knowling v. State, 176 Tenn. 56, 138 S.W.2d 416, and Terrell v. State, 210 Tenn. 632, 361 S.W.2d 489.

■ Methadone is a Schedule II drug as a matter of law. T.C.A. § 52–1415. It was not necessary for the state to prove that methadone is a Schedule II drug as contended by the defendant.

The defendant was arrested with this substance in his hand. The evidence fully sustains the verdict.

■ Without merit is the contention that the statute is unconstitutional as an illegal delegation of authority by the Legislature to the Commissioner of Mental Health concerning the addition or deletion or rescheduling of controlled substances.

The statute specifically proscribes the unlawful possession of methadone. The Legislature placed this drug under Schedule II of T.C.A. § 52–1415 and would have done so whether or not the delegation of authority to the Commissioner of Mental Health is constitutional. The claimed void delegation is not relevant to this case.

Further, our Supreme Court has held this statute constitutional in Gaskin v. State, Tenn., 490 S.W.2d 521. In Lee v. State, Tenn.Cr.App., 498 S.W.2d 909, we found that it did not invalidly delegate purely legislative powers. To the same effect is Hilton v. State (certiorari denied November 19, 1973), Tenn.Cr.App., 503 S.W.2d 951.

The assignment challenging the constitutionality of the statute is overruled.

■ The defendant contends that the second count of the indictment under which he was convicted is defective be-

**146**

cause it does not identify by name, description or otherwise the controlled substance possessed.

Count one charged the defendant with possessing "a controlled substance as described in Schedule II, to-wit: Dolophine Hydrochloride (Methadone) with the intent to manufacture, deliver, or sell . . . " The second count charged him with possessing "the aforesaid controlled substance . . . "

Under the reasoning of State v. Youngblood, 199 Tenn. 519, 287 S.W.2d 89, we think this count is good and the assignment is overruled.

We find no reversible error in the instructions. The trial judge instructed the jury in the language of the indictment. We do not think the words in the second count are so technical as to require further definition.

All assignments are overruled and the judgment is affirmed.

MITCHELL and DWYER, JJ., concur.