IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 20, 2019

**STATE OF TENNESSEE v. GREGORY BRONSON, JR.**

**Appeal from the Circuit Court for Montgomery County
No. 63CC1-2017-CR-288    Jill Bartee Ayers, Judge**

_____

**No. M2018-01172-CCA-R3-CD**
_____

A Montgomery County grand jury indicted the Defendant, Gregory Bronson, Jr., for two counts of felonious possession of marijuana and one count of unlawful possession of a firearm. The Defendant filed a pretrial motion to suppress the evidence resulting from the search of his residence. The trial court denied the Defendant's motion, and, after his request for interlocutory appeal to this court was denied, the Defendant pleaded guilty to the indicted charges and reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) as to whether the search of the Defendant's residence by law enforcement was lawful. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Sheri S. Phillips and Erin S. Poland, Clarksville, Tennessee, for the appellant, Gregory Bronson, Jr.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Background**

This case arises from the discovery of a package containing sealed bags of marijuana at a FedEx sorting facility; the package was addressed to the Defendant at a residence that he shared with Kristen Tuten. An anticipatory search warrant was obtained for the residence based on the "triggering event" of "an occupant of the residence tak[ing]

possession of" the marijuana package. The package was addressed to the Defendant. Posing as a neighbor, law enforcement attempted to deliver the package to the Defendant's residence. Ms. Tuten denied that the package belonged to her but offered to return it to FedEx and left it on the front porch. Based on her receipt, law enforcement executed the search warrant and searched the residence wherein they recovered several weapons.

Before trial, the Defendant filed a motion to suppress, contending that the search of his residence was unlawful because the search warrant authorized the search after an occupant of the residence took possession of the package, which he claims Ms. Tuten did not do. The trial court held a hearing, during which the following evidence was presented: Agent Kyle Darnell testified that a package located at a Nashville FedEx facility had broken open during sorting. A "large quantity" of drugs was discovered inside the package and law enforcement was called. The package was addressed to the Defendant at a mailing address where he was listed as a tenant. Another agent responded to the Defendant's address and determined that a vehicle in the driveway belonged to the Defendant, based on its license tag. Based on the contents of the package, Agent Darnell sought an "anticipatory search warrant." He explained that an anticipatory search warrant has a "triggering event before the warrant is actually served." Agent Darnell testified that in the situation of a package, the "triggering event" would be someone inside a structure taking possession of the package.

Agent Darnell identified the anticipatory search warrant he wrote for the Defendant's residence, which stated the following directive: "You are therefore commanded to make an immediate search on the premises after an occupant of the residence takes possession of the package. . . ." He stated that the triggering event in this case was a "person taking possession of the package." Agent Darnell testified that he went to the Defendant's residence with the package and knocked on the front door. Ms. Tuten answered the door with a child in her arms. Agent Darnell set the package down on the residence's front porch; it did not cross the threshold of the door and Ms. Tuten never stepped out onto the porch. Agent Darnell told Ms. Tuten that the package had been delivered to the wrong address. Ms. Tuten replied that the package did not belong to her. Agent Darnell left the residence, leaving the package on the front porch. Agent Darnell testified that Ms. Tuten said she would return the package to FedEx but that she never picked up or touched the package. He clarified Ms. Tuten's statement: "If you leave it here, I'll take it back to FedEx for you."

Asked whether these facts amounted to Ms. Tuten exercising control over the package, Agent Darnell said that they did. Ten to fifteen minutes later, law enforcement executed a search of the residence; this occurred after a discussion between Agent

Darnell and his colleagues as to whether Ms. Tuten had taken possession of the package. He stated that it was a "unique" situation and agreed that he questioned whether or not it was appropriate to execute the search warrant, based on the fact that the package remained on the front porch. He clarified that he posed as a neighbor when he brought the package to the Defendant's residence. A recording of Agent Darnell's interaction with Ms. Tuten and the "controlled delivery" of the package was played aloud. The recording confirmed that Ms. Tuten said, "That's not ours" when presented with the package. Agent Darnell further stated that Ms. Tuten said, "No it's not mine, but I will take it back to FedEx, though. It's not my box."

The trial court denied the Defendant's motion to suppress, making the following findings:

> [T]he Court finds that possession is not the same as ownership, and that Ms. [Tuten] acknowledged that [the package] had her address on it, and that she had the ability to exercise control over it. And that she was, in fact, going to do that and take it back to FedEx, even though it was left on the porch and not taken into the house.
>
> So, based on that, the Court, in interpreting this issue about what is possession, finds that they did have possession and that was the triggering event that allowed the search to take place under the warrant.

Thereafter, the Defendant sought an interlocutory appeal with this court; his request was denied. The Defendant offered a plea of guilty to possession of marijuana with the intent to deliver, and the remaining charges were dismissed. The trial court entered the plea and sentenced the Defendant to three years of probation. The Defendant reserved for appeal the following certified question of law:

> whether the trial court erred in denying [the] Defendant's Motion to Suppress the search and fruits from the execution of an anticipatory search warrant issued on March 17, 2016 by finding that the "triggering event" of **possession** occurred prior to the execution of the search warrant?

(emphasis in original).

Both parties agree that the certified question of law is dispositive of the case.

## II. Analysis
### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. The question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (alterations in original) (quoting *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001); *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). An issue is never dispositive when this Court may exercise the option to reverse and remand. *Wilkes*, 684 S.W.2d at 667. This Court "'is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case.'" *Dailey*, 235 S.W.3d at 134-35 (quoting *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). This Court must make an independent determination that the certified question is dispositive. *Id.* at 135 (citing *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988)). Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment or conviction occurring as the result of a guilty plea. *State v. Long* 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). The following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

> (i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;
>
> (ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

In *Preston*, our supreme court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv)." 759 S.W.2d at 650. Failure to properly reserve a certified question

4

of law pursuant to the requirements stated in *Preston* will result in the dismissal of the appeal. *Woodlee*, 2010 WL 27883, at *2 (citing *State v. Pendergrass*, 937 S.W.2d 848, 838 (Tenn. 1996)). The importance of complying with the *Preston* requirements has been reiterated by our supreme court in *State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003), which stated that the *Preston* requirements are "explicit and unambiguous," in rejecting the defendant's argument in favor of substantial compliance with Tennessee Rules of Criminal Procedure 37. *Id.* at 912.

In the case under submission, the Defendant's issue on appeal meets these requirements: he pleaded guilty; the judgment form referenced the certified question; and the question included on the judgment form is stated so as to identify clearly the scope and limits of the legal issue reserved and is dispositive of the case. The parties agreed that the question was dispositive of the case. Thus, we conclude that the issue is properly before this court.

## B. Legality of Search

The Defendant contends that the search of his residence was illegal because the execution of the anticipatory search warrant was "conditioned upon an occupant of the residence taking possession of the package" containing the marijuana. He contends that the attempted delivery of the package by Agent Darnell to Ms. Tuten did not amount to Ms. Tuten's possessing the package because Ms. Tuten left the package on the front porch of the residence. The State responds that Ms. Tuten exercised "dominion and control" over the package, satisfying the requirements of "possession," and that the anticipatory search warrant was executed legally. We agree with the State.

When this Court reviews a trial court's ruling on a motion to suppress, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The party prevailing at the suppression hearing is afforded the "strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998). The findings of a trial court in a suppression hearing are upheld unless the evidence preponderates against those findings. *See id*. However, the application of the law to the facts found by the trial court is a question of law and is reviewed de novo. *Walton*, 41 S.W.3d at 81; *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999); *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997).

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures, and "'article 1, section 7 [of the Tennessee

Constitution] is identical in intent and purpose with the Fourth Amendment.'" *State v. Downey*, 945 S.W.2d 102, 106 (Tenn. 1997) (quoting *Sneed v. State*, 221 Tenn. 6, 423 S.W.2d 857, 860 (1968)). The analysis of any warrantless search must begin with the proposition that such searches, and resulting seizures, are per se unreasonable under the Fourth Amendment to the United States Constitution and article 1, section 7 of the Tennessee Constitution. This principle against warrantless searches is subject only to a few specifically established and well-delineated exceptions. *See Katz v. United States*, 389 U.S. 347, 357 (1967); *State v. Tyler*, 598 S.W.2d 798, 801 (Tenn. Crim. App. 1980). Evidence discovered as a result of a warrantless search or seizure is subject to suppression unless the State establishes that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000).

The use of "anticipatory" search warrants, though somewhat rare, is recognized by our supreme court. *Ricardo Davidson v. State*, No. M2013-01645-CCA-R3-PC, 2014 WL 3765710, at *17 (Tenn. Crim. App., at Nashville, July 31, 2014) (citing *State v. Coker*, 746 S.W.2d 167, 172 (Tenn. 1987)), *perm. app. denied* (Tenn. Nov. 20, 2014). Such warrants do not violate the fourth amendment if they are executed following delivery of the contraband. *State v. Wine*, 787 S.W.2d 31, 33 (Tenn. Crim. App. 1989). "The affidavit should inform the magistrate that the known or suspected contraband will be delivered in the immediate future and the basis for the affiant's knowledge that the item will be delivered." *Id.* (citing *United States v. Outland*, 476 F.2d 581 (6th Cir. 1973)). For example, the *Coker* Court found the affidavit in support of the anticipatory warrant to be sufficient where the affiant specifically alleged how the item to be seized would arrive on the premises to be searched. *Coker*, 746 S.W.2d at 172. It is also recommended that a magistrate who issues an anticipatory search warrant condition its execution upon the occurrence of a specified event, such as the delivery of the targeted package. *Wine*, 787 S.W.2d at 33; *see generally*, 2 W. LAFAVE, SEARCH AND SEIZURE § 3.7(c) at 96 (2nd Ed. 1987).

In Tennessee, possession may be either actual or constructive. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001). A person constructively possesses contraband when he or she has "the power and intention at a given time to exercise dominion and control over [the contraband] either directly or through others." *Id.* at 903 (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). Said differently, constructive possession is the "ability to reduce an object to actual possession." *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987).

The evidence presented at the suppression hearing was that, when presented with the package containing narcotics, Ms. Tuten accepted the package being placed on her

6

front porch and offered to take the package back to FedEx. The trial court concluded that this action amounted to possession, because Ms. Tuten's actions gave her "the ability to exercise control" over the package, despite Ms. Tuten denying being the owner or recipient of it. The trial court concluded that Ms. Tuten's actions constituted the necessary "triggering event" to allow the search warrant to be executed.

We conclude that the evidence does not preponderate against the trial court's findings. As we have pointed out, constructive possession is defined as "the power and intention at a given time to exercise dominion and control over [the contraband] either directly or through others" or, restated, the "ability to reduce an object to actual possession." *Shaw*, 37 S.W.3d at 903; *Cooper*, 736 S.W.2d at 129. The evidence presented at the suppression hearing was that Ms. Tuten had the intention and power to exercise control of the package; indeed, she assumed responsibility for the package and offered to return it to FedEx. Further, her assumption of the responsibility for the package gave her the "ability to reduce [the package] to actual possession." Accordingly, we conclude that the evidence does not preponderate against the trial court's finding that Ms. Tuten had constructive possession of the package sufficient to warrant the execution of the search warrant. We affirm the trial court's judgment denying the Defendant's motion to suppress and therefore, we affirm the judgment of conviction.

### III. Conclusion

After a thorough review of the evidence and relevant authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

7