STATE OF NEBRASKA v. HERMAN KRASNE.

FILED DECEMBER 14, 1918.   No. 20145.

1. **Criminal Law:** VOLUNTARY CONFESSION. A voluntary confession, standing alone, is insufficient to prove the commission of a crime, but such confession may, with slight corroborative circumstances, be sufficient to warrant a conviction. *Sullivan v. State,* 58 Neb. 796.

2. ———: EVIDENCE: PROOF OF A NEGATIVE. In a criminal prosecution, if a negative is an essential element of the crime, and is "peculiarly within the knowledge of the defendant," it devolves upon him to produce the evidence, and upon his failure to do so, the jury may properly infer that such evidence cannot be produced.

3. ———: FRAUDULENT ADVERTISEMENT: SUFFICIENCY OF EVIDENCE. Defendant was charged under section 8896, Rev. St. 1913, with causing to be inserted in a newspaper an advertisement that "con-

tained statements of fact which were untrue, deceptive and mis-
leading" and that related to certain goods offered ·by him for
sale at a price named and on a day designated in the advertise-
ment. The evidence examined, discussed in the opinion, and *held*,
that the court erred in sustaining a demurrer to the evidence of
the state.

ERROR to the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Exceptions sustained.*

*George A. Magney, County Attorney, T. J. McGuire,
Assistant City Attorney,* and *Gurley & Fitch,* for plain-
tiff in error.

*Benjamin S. Baker, contra.*

DEAN, J.

The defendant was engaged in retailing men's and
women's furnishing goods at Omaha. He was found
guilty in the police court of that city under section
8896, Rev. St. 1913, of having caused to be published
on Saturday, July 15, 1916, in an Omaha daily news-
paper a misleading advertisment, which the complaint
charged "contained statements of fact which were un-
true, deceptive and misleading," and that related to
certain goods offered by him for sale. On appeal to
the district court for Douglas county a jury was waived,
and when the state rested a demurrer to the evidence
was interposed by defendant and sustained and he was
discharged. Alleging error, the state brought the case
here under section 9185, Rev. St. 1913, for a decision
upon the points presented in the bill of exceptions.

The statute (section 8896) makes it "unlawful for
any person, * * * with intent to sell or in any
wise dispose of merchandise * * * offered by such
person * * * to the public for sale, * * *
to * * * place before the public * * * in a newspaper
* * * an advertisement regarding merchandise * * *
so offered to the public, containing any assertion, rep-
resentation or statement of fact which is untrue, decep-
tive, or misleading." The advertisement complained of
occupied about a quarter of a newspaper page and

was partly in display type. It was in evidence, and the proof was clear, that on the 15th day of July the defendant advertised for sale, among other articles, "$1.00 B. V. D. Union suits, now 49c.". The necessary question of fact to require conviction was that this advertisement was "untrue, deceptive, or misleading."

In the present case the negative allegation that defendant did not have for sale the goods advertised involved a matter peculiarly within his knowledge, and very difficult, if not impossible, to prove by any one other than the defendant himself, and, as he could not be compelled to incriminate himself, his evidence upon that point could not be produced by the state. Only two witnesses were called, Mr. Searles and Mr. Garrett, who testified on the part of the state. Searles said that on August 16, 1916, he talked with the defendant at his store. He testified: "I remarked to him that about a month ago he had some B. V. D. underwear advertised for 49 cents a suit; and asked him if he still had that underwear on sale. He said 'Yes, sir;' and started to wait on me; and a young man, * * * Bernstein, was standing close by, and he told the young man to show this gentleman that underwear. * * * I said, 'Is this the B. V. D. underwear? Did you sell out everything except that?' He said, 'Yes, sir;' spread the underwear out; I looked for the brand B. V. D. * * * and I did not find the B. V. D. brand on it." The witness at the time purchased a suit for 49 cents, which it was stipulated was not the B. V. D. underwear garment. Garrett testified that on August 8, 1916, he was approached by one of the clerks in defendant's store and said to him: "Have you got any of those B. V. D.'s left that you advertised on July 15? And he said, 'Yes; we have.' And he led me over to a counter and showed me some of the garments. I looked them over, and I did not see anything left like that." That is, the defendant told the witness Searles that he had on hand the same goods that he had advertised July

15 as B. V. D., and instructed his clerk to show them to the witness. When the goods were examined, they were found not to be the B. V. D. goods. This evidence clearly tended to prove that defendant did not have the well-known B. V. D. underwear for sale as advertised, and that the advertisement was for the purpose of misleading the public. Garrett's testimony is that in defendant's store he was shown goods that were said by those in charge of the goods to be the goods advertised as B. V. D., and that they were not B. V. D. goods.

Defendant invokes the familiar rule that one 'cannot be convicted of a crime on his own unsupported statement or confession made out of court that a crime has been committed, and cites *Sullivan v. State,* 58 Neb. 796. That case does not seem to be in point. No material negative element of the crime there charged was ''peculiarly within the knowledge of the defendant.'' In the *Sullivan* case it was held that, ''while a voluntary confession is insufficient, standing alone, to prove that a crime has been committed, it is competent evidence of that fact, and may, with slight corroborative circumstances, be sufficient to warrant a conviction.''

It is a familiar rule that a *prima facie* case of theft is made out by showing the defendant in the recent and unexplained possession of stolen goods. Ordinarily where a negative is an essential element of the crime, the burden is on the state to prove it. ''But where a negation is peculiarly within the knowledge of the defendant the burden is on him to establish that fact. Thus, where a charge is that the defendant carried on a certain business without a license, the fact that he has a license is peculiarly within his knowledge and he must establish that fact or suffer conviction. Likewise the burden of proving that a certain offense against property was committed without the owner's consent rests on the accused, that being a fact peculiarly within his knowledge.'' 8 R. C. L. 173, sec. 165.

The district court erred in sustaining the demurrer of defendant to the evidence. The opinion in this case under the provisions of section 9185, Rev. St. 1913, only determines the law of the case. 'The exceptions of the state are sustained.

EXCEPTIONS SUSTAINED.

MORRISSEY, C. J., LETTON AND ROSE, JJ., dissent.