STATE v. THE ANDREW SCHOCH GROCERY COMPANY.[1]

December 14, 1934.

No. 30,138.

O'Brien, Horn & Stringer, for appellant.

Harry H. Peterson, Attorney General, Roy C. Frank, Assistant Attorney General, M. F. Kinkead, County Attorney, and A. R. Bratter, Assistant County Attorney, for the state.

I. M. OLSEN, JUSTICE.

Defendant appeals from a judgment of the municipal court of the city of St. Paul, finding it guilty of a violation of 2 Mason Minn. St. 1927, § 10390, which section reads as follows:

"Any person, firm, corporation or association who, with intent to sell or in any wise dispose of merchandise, securities, service, or anything offered by such person, firm, corporation or association, directly or indirectly, to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, circular, pamphlet, or letter, or in any other way, an advertisement of any sort regarding merchandise, securities, service or any-

[1]Reported in 257 N. W. 810.

thing so offered to the public, which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading, shall be guilty of a misdemeanor."

The complaint charges that on March 17, 1934, in said city of St. Paul, the defendant, a Minnesota corporation, did wrongfully and unlawfully, with intent to sell and dispose of merchandise, food products, meats and meat products, and services offered to the public for sale, publish and place before the public a notice in the form of a poster and advertisement in words as follows: "We pay our meat cutters a minimum salary of $25 per week"; that in fact it was paying meat cutters as low as $20 per week.

Without attempting any extended review of the evidence, it appears without dispute that the defendant, for more than 40 years last past, has conducted a retail grocery and food market or store in this city, including a meat department in a separate part or rooms of the store; that at the time in question it employed eight men in the meat department besides the head man in charge thereof; that these eight men so employed were all experienced and efficient meat cutters and meat salesmen; that six of the men were receiving a wage of $25 per week and two of them $20 per week. The two men receiving the lower wage had been hired more particularly as counter men to wait on customers and had little to do with meat cutting; that the more difficult work of cutting up carcasses into proper parts for use in the salesroom was done by men specially experienced in that work.

The statute here in question was enacted to protect the public from being imposed upon by false and misleading advertisements as to the character and quality of goods, securities, property, or services offered to the public for sale or disposition. Like other statutes creating crimes and providing for punishment, this statute is not to be extended, by implication, by the courts, beyond the clear language thereof. It is apparent that what the legislature intended to prevent was false advertisements as to the character and quality of goods (including foods), securities, or services offered to the public for sale or use, which advertisements, if acted

upon by the public, would result in damage or detriment to the purchasers of such goods, securities, or services.

This so-called advertisement here complained of consisted of one or more cards displayed in the windows of defendant's store, with the words quoted printed thereon. The words used have no reference to any meats, foods, or groceries offered for sale by defendant. Neither do they have any reference to the character or quality of any service offered to the public for remuneration or otherwise. Had it been charged and proved that the meat cutters employed by defendant were inexperienced and inefficient in their work so that purchasers of meats suffered detriment and damage thereby, a strained construction of the statute might have given some support to the charge. But the state proved that the two men receiving a wage of $20 a week, and in fact all the meat cutters, were experienced and efficient men in the trade engaged in.

Finding nothing in the complaint or in the evidence to sustain a conviction under the statute here in question, the judgment appealed from must be and hereby is reversed.