## THE TERRITORY OF HAWAII *v.* CURTIS LERNER.

### No. 2490.

SUBMITTED OCTOBER 30, 1942.          DECIDED DECEMBER 3, 1942.

### KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

(Le Baron, J., dissenting.)

The defendant Curtis Lerner was convicted in the district court of Honolulu of violating the provisions of section 5972, Revised Laws of Hawaii 1935, known as the false advertising statute. The charge, briefly, was that he had inserted in The Honolulu Advertiser of March 9, 1941, an advertisement which was untrue, deceptive and misleading. From a conviction by the district magistrate he appealed to the circuit court, where, after a trial *de novo,* jury waived, he was again convicted. The case is here on writ of error to the circuit court.

The statute which the defendant is charged with violating provides, *inter alia*: "Any person, who, with intent to sell or in any wise dispose of merchandise, securities, service, or anything offered by such person, directly or in-

directly, to the public for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or an interest therein, makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in a newspaper or other publication * * * an advertisement of any sort regarding merchandise * * * so offered to the public, which advertisement contains any assertion, representation, or statement of fact which is untrue, deceptive or misleading, shall be guilty of a misdemeanor."

The facts are undisputed. On March 7, 1941, the trustee of a bankrupt, doing business as The Dock Shop, sold at public auction the entire stock of goods and equipment belonging to the bankrupt, pursuant to an order issued by the referee in bankruptcy, which in turn was issued pursuant to an order of the United States District Court for the District of Hawaii. A partnership known as "The Public Stores," of which the defendant was manager, purchased said property. On March 9, 1941, the defendant as manager of said partnership caused a display advertisement to be published in The Honolulu Advertiser, which is here photostatically reproduced.

The only statements of fact "regarding merchandise" contained in the advertisement relate to the quality and quantity of the merchandise of The Dock Shop and that they were to be sold at ridiculously low prices. All other statements of fact related to the ownership, manner of acquisition and the capacity in which the defendant would act in selling the merchandise. No evidence was adduced tending to show, and it is not here contended, that the merchandise did not possess the character and quality ascribed to it by the advertisement or that it was not to be

sold at ridiculously low prices. The evidence did tend to show that the statements of fact with reference to the ownership of the merchandise and the capacity in which the defendant would act in selling the merchandise were false. In other words, it is admitted that The Public Stores, of which the defendant was manager, had purchased the advertised merchandise at a bankrupt sale and was the owner thereof, whereas the statements of fact contained in the advertisement tended to inform readers of the advertisement that the merchandise was still the property of The Dock Shop and that The Public Stores, acting as liquidators of The Dock Shop under court order, was offering the merchandise for disposition at forced sale.

If misrepresentation of such facts as these is within the prohibition of the statute, the conviction of the defendant is not contrary to either the law or the evidence. On the other hand, if the statute in question condemns only false statements of fact relative to the character and quality of merchandise to be sold, there was not a scintilla of evidence to support a conviction.

In justice to the circuit judge we must state that defendant's counsel did not raise the question here under consideration at the trial. Nor did he mention it in his opening brief in this court. The point was not argued until counsel for the Territory, in his answering brief, quoted from a decision from another jurisdiction such an interpretation of a statute, which is word for word like our statute, whereupon counsel for defendant for the first time, in the closing pages of his reply brief, argued the point that the false statement of fact contemplated by the statute must relate to the character and quality of the merchandise offered for sale.

However, certain of the assignments of error are sufficient, in substance, to entitle the defendant to urge that

there was no evidence whatever sufficient in law to support the conviction.

We therefore now consider the question so belatedly raised. It will be noted that the statute condemns "an advertisement of any sort regarding merchandise * * * so offered to the public, which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading."

Those exact words have been construed by the supreme court of Minnesota in *State* v. *The Andrew Schoch Grocery Company*, 193 Minn. 91, 257 N. W. 810, 811. In that case the defendant advertised that "We pay our meat cutters a minimum salary of $25.00 per week." Of the eight men employed by the defendant in its meat department the State proved that six were paid $25 per week and that two were paid only $20 per week. Said the court: "The statute here in question was enacted to protect the public from being imposed upon by false and misleading advertisements as to the character and quality of goods, securities, property, or services offered to the public for sale or disposition. Like other statutes creating crimes and providing for punishment, this statute is not to be extended, by implication, by the courts, beyond the clear language thereof. It is apparent that what the Legislature intended to prevent was false advertisements as to the character and quality of goods (including foods), securities, or services, offered to the public for sale or use, which advertisements, if acted upon by the public, would result in damage or detriment to the purchasers of such goods, securities, or services.

" * * * The words used have no reference to any meats, foods, or groceries offered for sale by defendant. Neither do they have any reference to the character or quality of any service offered to the public for remuneration or otherwise. Had it been charged and proved that the meat cutters employed by defendant were inexperienced

and inefficient in their work so that purchasers of meats suffered detriment and damage thereby, a strained construction of the statute might have given some support to the charge."

In *State* v. *Silverman,* 183 Atl. 178 (N. J. App.), relied upon by the prosecution, the New Jersey statute is shown to be practically identical with our own. In that case the defendant had prepared for advertising purposes a circular in which he grossly misrepresented the assets of a corporation whose bonds were being advertised for sale. In the course of an opinion sustaining a conviction the Court of Errors and Appeals of New Jersey said: "The statute is intended to protect the public against false and misleading information regarding securities offered for sale."

In *State* v. *Herman Krasne, The Novelty Skirt Co.,* 103 Neb. 11, 170 N. W. 494, a Nebraska case, the defendant was prosecuted under a statute similar to our own for advertising "$1.00 B.V.D. union suits, now 49¢." The negative proof produced by the prosecution to the effect that the union suits which the defendant offered to sell for forty-nine cents were not of the well-known and popular B.V.D. brand was sufficient against a demurrer to the evidence. The trial court having sustained the defendant's demurrer to the evidence, the State's exception, on appeal to the supreme court, was sustained. While the question of the purpose of the statute was not discussed in this case, it is patent that the false statement charged related to the character of the merchandise advertised for sale, which is also true of all the other cases called to our attention.

Without pursuing the subject further, we conclude that the Minnesota court placed the proper construction on its statute and that the same construction applies equally to our statute.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Cass & Silver* for the defendant, plaintiff in error.

*C. E. Cassidy*, Public Prosecutor, and *J. R. Desha*, Assistant Public Prosecutor, for the Territory.

LE BARON, J.: I respectfully dissent.