STATE OF NEBRASKA, APPELLEE, V. FREDDIE MINOR, APPELLANT.
195 N. W. 2d 155

Filed February 25, 1972. No. 38204.

J. William Gallup of Schrempp & Bruckner, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This appeal by defendant, Freddie Minor, from his conviction on a charge of possession of a depressant drug, presents only questions of law. As phrased by the defendant, they are as follows: "1. Whether the prosecution has the burden of proving the defendant does not come within the exceptions in a criminal statute. * * * 2. Whether a judge at the time of sentencing can consider hearsay statements of the defendant's wife which are in the pre-sentence report." We affirm.

Defendant, relying on United States v. Vuitch, 402 U. S. 62, 91 S. Ct. 1294, 28 L. Ed. 2d 601 (1971), contends that in a criminal prosecution based on a statute which contains exceptions, the burden is on the prosecution to plead and prove that the defendant is not within an exception. The alleged offense was committed on

November 28, 1970. Prosecution was commenced under the Depressant and Stimulant Drugs Act, which provided, so far as material herein, the following exceptions: "No person, other than a person described in section 28-497 or 28-498 shall possess any depressant or stimulant drug unless (1) such drug was obtained upon a valid precription and is held in the original container in which such drug was delivered; or (2) such drug was delivered by a practitioner in the course of his professional practice and the drug is held in the immediate container in which such drug was delivered." § 28-499, R. S. Supp., 1969.

The defendant was found to be in possession of 75 red capsules commonly identified as "red devils," which contained secobarbital. The trade name of the drug is "seconal," which contains secobarbital as a salt of barbituric acid. These capsules were found in a plain 2 inch by 3 inch manila envelope. It strains credulity to believe this would be an original container in which such drugs were legally dispensed. As to whether the drugs were delivered on a legal prescription, this fact would be peculiarly within the defendant's knowledge. If they were within the original container, that container would undoubtedly have a number identifying the prescription. It is not illogical to observe that 75 capsules would be an unusually large number for a legal prescription of a depressant or stimulant drug.

United States v. Vuitch, *supra*, involved an abortion statute. The issue there was which party had the burden to prove the abortion was or was not necessary to preserve the life or health of the mother. The court held placing the burden on the doctor who performed the abortion was inconsistent with the social idea of the responsibility of the medical profession. Doctors by their own professional standards are expected to give such treatment as is necessary to preserve a patient's health. Therefore, the burden was on the prosecution to plead and prove the abortion was not necessary for the preser-

vation either of the mother's life or health. The Vuitch case patently is not persuasive in those instances where the necessary facts are peculiarly within the knowledge of the defendant.

It is impossible to state a comprehensive general rule on the burden of proving exceptions for all cases. As suggested in 9 Wigmore on Evidence (3d Ed.), Burden of Proof, § 2486, p. 275: "* * * the burden of proving a fact is said to be put on the party who presumably has peculiar means of knowledge enabling him to prove its falsity if it is false. This principle has received frequent application in modern statutes making it an offense to pursue a certain occupation without a State license or forbidding a certain act unless in personal circumstances justifying an exception."

The rule has long been settled in Nebraska. In State v. Krasne, 103 Neb. 11, 170 N. W. 494, we held: "In a criminal prosecution, if a negative is an essential element of the crime, and is 'peculiarly within the knowledge of the defendant,' it devolves upon him to produce the evidence, and upon his failure to do so, the jury may properly infer that such evidence cannot be produced."

When the facts relating to an exception in a criminal statute are difficult for the State to obtain and are at the same time peculiarly within the knowledge of the defendant, the question should be considered as a defense or justification and not as a part of the description of the offense itself, so as to impose upon the State the burden of proof to establish the fact that the defendant is not within the exception. We find the burden of proof on exceptions within the ambit of the Depressant and Stimulant Drugs Act is on the party attempting to bring himself within the exceptions.

Defendant's second point is premised on the contention that his wife's incompetency to testify against him at the trial extends to supplying information for a presentence report, and inferentially attacks the hearsay

character of such reports. Defendant cites no authority for his contention.

The modern trend is to restrict or to abolish the privilege, as some courts have done. As noted in 8 Wigmore on Evidence (McNaughton Rev. Ed., 1961), Anti-marital Facts, § 2235, p. 234: "* * * no court ought today to lend its sanction to any expansion of the limits of this undesirable rule of privilege, and there is at least ample authority for the most rigid restriction."

We construe a wife's incompetency in criminal proceedings against her husband to be limited to testimonial utterances. She is competent to supply information for a presentence report.

In State v. Rose, 183 Neb. 809, 164 N. W. 2d 646, we said: "It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct. In gaining this information, the trial court may consider reports of probation officers, police reports, affidavits, and other information including his own observations of the defendant. A presentence investigation has nothing to do with the issue of guilt. The rules governing due process with respect to the admissibility of evidence are not the same in a presentence hearing as in a trial in which guilt or innocence is the issue. The latitude allowing a sentencing judge at a presentence hearing to determine the nature and length of punishment, other than in recidivist cases, is almost without limitation as long as it is relevant to the issue."

Due process is not violated by the Nebraska procedure. This is definitely a universal practice, as evidenced by the following from Williams v. New York, 337

U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949): "* * * both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law. * * * A sentencing judge * * * is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial."

There is no merit to defendant's assignments of error. Judgment affirmed.

AFFIRMED.

McCown, J., concurring.

I concur in the opinion here on the facts of this case. It should be emphasized that the "burden of proof" of exceptions does not fall on a defendant until the State has first established a prima facie case. The cases following the rule of placing the "burden of proof" of exceptions on the defendant almost without exception reveal facts which demonstrate that the State had first established a prima facie case of unlawfulness. Here the evidence as to the defendant's possession clearly and almost overwhelmingly established the fact that the defendant's possession was presumptively unlawful.

The opinion here was not intended to remove the State's burden of proving a defendant guilty and instead place the burden upon a defendant to establish his inno-

cence. At the same time, in the absence of any explanatory statement, it might well be interpreted to mean that all the State was required to do was to prove possession of a controlled substance, without any reference to whether the evidence and circumstances did or did not indicate that the possession was pursuant to a valid prescription. If possesion alone were enough, then proof that a defendant had a controlled substance in a bottle on his person with his name and that of a pharmacy on the label would be sufficient to convict him if the defendant could not or did not produce any evidence. The number of citizens who have knowing possession of a controlled substance under a lawful prescription is many times greater than the number who hold such substances unlawfully without a valid prescription. Under such circumstances, it would be wholly unrealistic to place on every citizen the burden of proving that he has a valid prescription until the State has produced at least enough evidence as to the circumstances of the possession to raise a presumption that the possession was unlawful.

As long ago as 1934, Mr. Justice Cardozo said: "The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression." Morrison v. California, 291 U. S. 82, 54 S. Ct. 281, 78 L. Ed. 664.

The Nebraska Jury Instructions, NJI No. 14.05, approved by this Court, states in part: "The burden of proof is always on the state to prove beyond a reasonable doubt all of the material elements of the crime

charged, and this burden never shifts."

Once the State has met its initial burden of establishing a prima facie case, the defendant must then bear the burden of coming forward with the evidence to establish that he comes within an exception provided for by the drug control statutes.

BOSLAUGH and CLINTON, JJ., join in this concurrence.