STATE OF NEBRASKA, APPELLEE, v. WILLIAM WAECHTER, APPELLANT.

203 N. W. 2d 104

Filed December 20, 1972. No. 38510.

Beatty, Morgan & Vyhnalek, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was convicted of unlawful possession of a depressant or stimulant drug and sentenced to imprisonment for 2 years. He appeals, contending the trial court should have suppressed certain items of evidence; the statute involved was unconstitutional; and there was a failure of proof regarding the exceptions contained in the act.

The evidence showed the defendant and Ray Evans lived in an apartment at 108 East F Street in North Platte, Nebraska. On December 31, 1970, this property was under surveillance by the police. Between 5:20 and 5:40 p. m., an officer saw the defendant place a plastic bag on the ground between a garage and a picket fence on property adjacent to 108 East F Street, known as 609 South Jeffers. The officer picked up the plastic bag at about 6 p. m., which bag was found to contain seven tablets of lysergic acid diethylamide, also known as LSD.

After the officer had picked up the plastic bag containing LSD, he entered the apartment at 108 East F Street, served a search warrant on Evans, and conducted a search of the premises. The warrant was subsequently determined to be void. The defendant contends the contents of the plastic bag should have been suppressed

because it was listed in the inventory and return to the search warrant.

The fact that the tablets were listed in the inventory and return to the void search warrant is not controlling in this case. The invalidity of a search warrant does not of itself automatically make evidence seized inadmissible. State v. Holloway, 187 Neb. 1, 187 N. W. 2d 85. If the defendant does not have standing to challenge the validity of the search, the evidence may be admissible. A motion to suppress can be urged only by one whose rights were violated, not by one aggrieved solely by the introduction of damaging evidence. State v. McCune, *ante* p. 165, 201 N. W. 2d 852.

The evidence clearly shows that the bag containing the tablets had been placed on the ground between a picket fence and a garage. The location was on adjoining property and was not in an area in which the defendant could have a reasonable expectation of privacy. Under the circumstances in this case the motion to suppress was properly overruled as to the tablets contained in the plastic bag.

The defendant was charged with unlawful possession of a depressant or stimulant drug, a violation of section 28-487 (3), R. S. Supp., 1969. The information alleged possession of a hallucinogenic drug which is included within the statutory definition of a depressant or stimulant drug. § 28-486 (8) (c), R. S. Supp., 1969. These sections are part of a law enacted by the 1967 Legislature relating to depressant, stimulant, hallucinogenic, and counterfeit drugs. Laws 1967, c. 161, p. 460.

The defendant contends the 1967 act was invalid because it was amendatory of the Narcotic Drugs Law and did not comply with the constitutional requirement that an amendatory act shall contain the sections amended and repeal the sections so amended. Art. III, § 14, Constitution of Nebraska. The sections of the 1967 act relating to depressant and stimulant drugs were new and independent legislation and were not amendatory

of existing statutes. The constitutional requirement was not applicable to these sections.

The defendant's contention that the act contained an unconstitutional delegation of legislative power is fully answered in State v. Workman, 186 Neb. 467, 183 N. W. 2d 911.

The defendant complains that there was a failure of proof as to the exceptions contained in the act. A defendant charged with a violation of the Depressant and Stimulant Drugs Act has the burden of proof to establish that his possession was authorized if he claims that one of the exceptions contained in the act was applicable to him. State v. Minor, 188 Neb. 23, 195 N. W. 2d 155. There is nothing in the evidence in this case to suggest that any of the exceptions were applicable, and the State is not required to negative each exception.

The defendant also claims that the sentence was excessive. The sentence imposed was the minimum period of imprisonment prescribed in the act for a first offense. § 28-489, R. S. Supp., 1969. A sentence within statutory limits will not be disturbed in the absence of an abuse of discretion. State v. Melvin, 187 Neb. 797, 194 N. W. 2d 178.

Although the defendant had not been convicted of any felonies previous to this offense, the record shows that he had supplied drugs to other persons on many occasions. The record also indicates that the defendant continued to use drugs after his arrest for this offense. There is nothing in the record to show the sentence imposed here was an abuse of discretion.

The judgment of the trial court is affirmed.

AFFIRMED.