603 P.2d 1016

Harold D. McCLELLAN,
Petitioner-Appellant,

v.

The STATE of Idaho,
Defendant-Respondent.

No. 12724.

Supreme Court of Idaho.

Dec. 7, 1979.

Klaus Wiebe, Public Defender, Boise, for petitioner-appellant.

Hon. David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for defendant-respondent.

Before DONALDSON, C. J., BAKES, McFADDEN and BISTLINE, JJ., and DUNLAP, J. Pro Tem.

PER CURIAM.

This is an appeal from an order dismissing plaintiff-appellant McClellan's petition for post-conviction relief filed pursuant to the Uniform Post-Conviction Procedure Act, I.C. §§ 19–4901 et seq.

This case first came before us on direct appeal from appellant's conviction of second degree murder, *State v. McClellan*, 96 Idaho 569, 532 P.2d 574 (1975), *overruled in part*, *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975), and the facts will not be restated here.

The issues now raised by appellant, with one exception, were presented and resolved in the original appeal and were not overruled in *State v. Tucker, supra*. Therefore we consider only that single issue which was not addressed before. *Kraft v. State*, 100 Idaho 671, 603 P.2d 1005 (1979); *Larsen v. May*, 93 Idaho 602, 468 P.2d 866 (1970). *See also*, I.C. § 19–4908.

Appellant contends I.C. § 19–3002 creates a privilege applicable to all *statements* made by the spouse of a criminal defendant, and that any statements so made in the absence of an admonition and express waiver of the privilege are inadmissible in a subsequent criminal action. However, I.C. § 19–3002 states:

"Husband and wife as witnesses.—Neither husband nor wife are competent *witnesses* for or against each other in a criminal *action or proceeding* to which one or both are parties, except:

1. With the consent of both . . ."
(emphasis supplied)

The statute creates only a *testimonial* privilege and does not affect the admissibility of non-testimonial statements otherwise admissible which were made by the spouse of a criminal defendant.

The order dismissing appellant's petition for post-conviction relief is affirmed.