677 P.2d 516

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert Larry EMEHISER,
Defendant-Appellant.**

**No. 14640.**

Court of Appeals of Idaho.

Feb. 29, 1984.

Charles B. Lempesis, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

WALTERS, Chief Judge.

Robert Emehiser was sentenced to an indeterminate life term for rape following his plea of guilty. On appeal he questions the propriety of including in his presentence report information obtained from his wife. He also contends that his sentence was an abuse of discretion.

I

Emehiser pled guilty to the rape of a woman who was not his wife. At the time of his sentencing Emehiser and his wife were separated. She had disappeared from the area, rendering herself unavailable to appear in court to testify. However, information adverse to Emehiser—which had been obtained by an investigator through an interview with Mrs. Emehiser—was included in a presentence report supplied to the court.

The information Mrs. Emehiser had given to the presentence investigator related generally to three matters. First, Emehiser admitted to his wife that he had assaulted another woman on an occasion other than the one for which he was sentenced. Second, the wife disclosed that their marriage had been "deteriorating" during the past several years. Finally, she described numerous threats and acts of violence Emehiser had committed on her and their eleven-year old son.

Emehiser's objection to the use of this information is based solely upon marital privilege under I.C. § 19-3002. That statute provides:

*Husband and wife as witnesses.* —Neither husband nor wife are competent witnesses for or against each other in a criminal action or proceeding to which one or both are parties, except:

1. With the consent of both, or

2. In cases of criminal violence upon one by the other; or acts of physical injury upon a child of either the husband or the wife where the injury has been caused as a result of physical abuse or

neglect by one or both of the parents; or to acts or attempted acts of lewd conduct with a minor child; or

3. In cases of desertion or nonsupport of wife or child by the husband.

Our Supreme Court has not previously considered the scope of the marital privilege under I.C. § 19-3002 in a context similar to the case before us. In *McClellan v. State*, 100 Idaho 682, 603 P.2d 1016 (1979), it held that "[t]he statute creates only a *testimonial* privilege and does not affect the admissibility of non-testimonial statements otherwise admissible which were made by the spouse of a criminal defendant." *Id.* (emphasis in original.) However, in that case, the defendant's wife had actually testified at trial. A tape-recorded statement she had made to an investigating police officer was admitted for the purpose of impeaching her testimony. *See State v. McClellan*, 96 Idaho 569, 532 P.2d 574 (1975). Apparently the taped statement was the "non-testimonial . . . otherwise admissible" statement with which the court was concerned in *McClellan v. State*, 100 Idaho 682, 603 P.2d 1016. It was not a situation where, as here, non-testimonial statements given to a presentence investigator were supplied at a sentencing hearing.

Our research discloses at least one jurisdiction which has held that a wife's incompetency in criminal proceedings is limited to testimonial utterances and that she is competent to supply information for a presentence report. *See State v. Minor*, 188 Neb. 23, 195 N.W.2d 155 (1972). However, the opinion in *Minor* is unclear as to whether the marital privilege there discussed was based upon a statute such as I.C. § 19-3002, or whether it was grounded upon some common law precedent.

Consequently, we do not base our analysis in this case upon the distinction between testimonial and nontestimonial statements. Rather, we focus upon the scope of privilege afforded by the statute. In this regard, the case of *People v. Mathis*, 63 Cal.2d 416, 46 Cal.Rptr. 785, 406 P.2d 65

(1965) is instructive. In that case the California court applied section 1322 of the California Penal Code which provides, in relevant part:

> Neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties, except with the consent of both, or in case of criminal actions or proceedings for a crime committed by one against the person or property of the other, ... or in cases of criminal violence upon one by the other....

In *Mathis*, the defendant stood trial for murder in the first degree. After the jury rendered a verdict of guilty, a separate proceeding was held to determine whether the death penalty should be imposed. At this second proceeding, the defendant's wife appeared and testified. She related that the defendant had physically assaulted her three times, on two occasions cutting her with a knife and once strangling her with an electric cord to the point of unconsciousness. On appeal the defendant disputed the admissibility of this evidence under Penal Code section 1322. The California Supreme Court upheld the introduction of the evidence upon two grounds. First, it held that the evidence was of the type which should be considered in a penalty inquiry, regarding "the circumstances surrounding the crime, of the defendant's background and history, and of any facts in aggravation or mitigation of the penalty." Second, it held that because the marital privilege would not have prevented Mrs. Mathis from testifying at trial if her husband had been prosecuted for the acts to which she testified, the privilege should not bar her testimony in the penalty inquiry of another case.

■ We believe the *Mathis* analysis, when applied to the Idaho privilege statute, is sufficient to uphold the sentencing court's use of Mrs. Emehiser's statements regarding threats and acts of violence toward her and the 11-year-old boy. Further, the statement concerning the deteriorating marriage is so closely related to the statements about threats and violence that it

should be treated as proper under the same analysis.

■ The statement about an assault upon another woman poses a different problem. Here, the spouses were separated and the wife voluntarily (without subpoena) made a statement to the presentence investigator which disclosed the existence of a prior crime similar to the offense for which the husband was being sentenced. The public policy underlying the marital privilege is attenuated under these circumstances and is overridden by the policy of providing sentencing judges with the "fullest possible information concerning the defendant's life and characteristics." *Williams v. People of State of New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). We hold that the court below did not abuse its discretion in considering, at sentencing, the information contained in the report which had been obtained from Mrs. Emehiser.

## II

■ Emehiser was sentenced to the custody of the state Board of Correction for an indeterminate period of time not to exceed life. We have considered the circumstances and nature of the crime of which he was convicted, and have reviewed the record and the presentence report. Applying the criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), we hold the sentence was not an abuse of discretion.

The indeterminate life sentence is affirmed.

BURNETT and SWANSTROM, JJ., concur.