IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 20, 2022 Session[1]

## DONTE GREEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-19-223       Donald H. Allen, Judge**

_____

### No. W2021-00442-CCA-R3-PC
_____

The Petitioner, Donte Green, appeals the denial of his petition for post-conviction relief from his convictions relating to the possession of drugs and drug paraphernalia resulting from law enforcement's seizure of illegal substances from the Petitioner's motel room pursuant to a search warrant. He claims that appellate counsel was ineffective due to her failure to challenge the validity of the search warrant on direct appeal. *See State v. Donte Lavon Green*, No. W2018-00092-CCA-R3-CD, 2019 WL 1595684 (Tenn. Crim. App. Apr. 15, 2019), *perm. app. denied* (Tenn. Aug. 16, 2019). He also claims that his convictions are voidable due to the abridgement of his Fourth Amendment rights and article I, section 7 of the Tennessee Constitution because the search conducted by law enforcement was illegal and that the evidence seized should have been suppressed as a result. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Jeremy Epperson, District Public Defender (at hearing); and Brennan M. Wingerter (on appeal), Assistant Public Defender – Appellate Division, for the appellant, Donte Green.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] Oral argument was heard at the University of Tennessee at Martin.

# OPINION

## FACTUAL AND PROCEDURAL HISTORY

### Pretrial, Trial, and Direct Appeal Proceedings

After law enforcement discovered drugs and drug paraphernalia in the Petitioner's motel room, he was charged with possession of 0.5 grams or more of cocaine with the intent to sell, possession of 0.5 grams or more of cocaine with the intent to deliver, possession of 14.175 grams or more of marijuana with the intent to sell, possession of over 14.175 grams or more of marijuana with the intent to deliver, possession of drug paraphernalia, and escape from custody. *Donte Lavon Green*, 2019 WL 1595684, at *1. The Petitioner filed a pretrial motion to suppress the evidence seized from the motel room. *Id.* Officer Clayton Smith testified as the only witness at the pretrial suppression hearing. *Id.* As we stated on direct appeal, he testified that

> on July 1, 2016, at approximately 8:45 p.m., he was dispatched to the motel to investigate possible drug activity. The clerk[, Ms. Amber Gallagher,] told him that a strong odor of marijuana was coming from the fourth floor, somewhere between rooms 450 and 454. [Ms. Gallagher] told law enforcement that she suspected the smell might be coming from room 452 because all of the other rooms in the vicinity were occupied by families, while room 452 was occupied by a single man, the [Petitioner]. [Ms. Gallagher] also "said there's possibly a [woman] inside of the room."

> Uniformed law enforcement used the elevator to reach the fourth floor and Officer Smith could smell raw marijuana as soon as he exited the elevator. He did not smell marijuana burning. Officer Smith acknowledged he went straight to room 452. He testified that when he was directly in front of the room, he was able to determine that the odor of marijuana was coming from it. The [Petitioner's] room was equipped with a latch that was flipped toward the door, propping the door open a crack.

> Officers were preparing to knock on the [Petitioner's] door when he opened it, and they smelled a strong odor of marijuana when the door was opened. Officers asked the [Petitioner] about the odor of marijuana as he stood in the doorway, and he responded that he did not know anything about the odor of marijuana coming from his room. The [Petitioner] was detained while he was in the doorway and brought into the hallway outside of the motel room, where he was searched and where an officer "sat him down." The search of the [Petitioner's] person yielded one empty plastic

bag and $79.  The [Petitioner] told law enforcement that no one was in the room.

Police officers then "challenged the room," which Officer Smith described as identifying themselves as police officers and ordering anyone in the room to come out.  There was no response.  Officer Smith acknowledged that he did not hear any noises at all from the room, including voices, movement, or a toilet flushing.  He agreed that the only articulable fact which made him believe the room might be occupied was "[j]ust [Ms. Gallagher's] word saying that there's possibly a [woman] inside."

Officers entered the room "to do a protective sweep of the room to make sure nothing was being destroyed."  Officer Smith described the layout of the room, which had a bathroom immediately to the left of the entry, two beds beyond the bathroom, and a "patio" area.  When officers entered the room, no one was present, but they saw plastic bags on the bed and marijuana on the bedside table.  Officers were in the room for approximately fifteen to thirty seconds.  They began to exit the room when they heard a commotion which turned out to be the [Petitioner] fleeing down the staircase.  The [Petitioner] was apprehended and taken into custody in a neighboring parking lot, and Officer Smith returned to the room to secure it while a search warrant was obtained.

Pursuant to the search warrant, police found pills in a fanny pack, marijuana, and cocaine.  Officer Smith acknowledged that he did not secure video footage of the hallway from the motel.

*Id.* at *1-2.

The Petitioner argued at the suppression hearing that law enforcement's initial entry into the motel room was illegal, that the search warrant relied on information obtained during the initial entry, and that the trial court should suppress the evidence seized from the motel room as a result. *Id.* at *2, 7.  We summarized on direct appeal an exchange between the trial court and the Petitioner's counsel, in which the trial court read portions of the affidavit supporting the search warrant on the record:

The trial court noted that the affidavit contained information that the clerk had alerted police to the smell of marijuana coming from the room, that police smelled marijuana in the hallway, that the [Petitioner] opened the door, and that the officer "immediately smelled the strong odor of what

he believed to be raw marijuana coming from the room," at which point the [Petitioner] was detained. The affidavit included a statement, that "[o]fficers began clearing the room for other possible persons in order to secure the room."

*Id.* at *2. The trial court denied the Petitioner's motion after concluding that the initial entry was legal, but as we noted on direct appeal, the court "did not address the validity of the search warrant." *Id.* at *2, 7.

The trial evidence was consistent with the material facts presented at the motion to suppress hearing. Ms. Gallagher testified that she received a complaint from a guest that someone was smoking marijuana on the fourth floor of the motel. *Id.* at *2. Ms. Gallagher reported the incident to law enforcement pursuant to motel policy, and she visited the fourth floor, where she smelled the odor of marijuana emanating from the vicinity of rooms 451 to 455. *Id.* According to Ms. Gallagher, not all of the rooms were occupied and the complaining guest occupied one of the rooms, so she gave police two or three room numbers to check. *Id.* She stated that during law enforcement's investigation, she observed the Petitioner's attempted escape by viewing the motel's video surveillance system. *Id.* Officer Smith testified that officers found in the motel room one bag with approximately 33.6 grams of what appeared to have been marijuana, one bag containing two separate bags filled with a combined weight of approximately 57.5 grams of what appeared to have been marijuana, six other bags containing between one and fifteen grams of what appeared to have been marijuana, a bag containing approximately 3.3 grams of a substance believed to have been cocaine, a fanny pack with fewer than ten pills, multiple clear plastic bags inside a larger plastic bag, and digital scales. *Id.* at *3. Officer Adam Pinion testified that officers found a bag containing one gram of what appeared to have been marijuana in the Petitioner's sock when he was arrested in the parking lot. *Id.* Tennessee Bureau of Investigation Special Agent Peter Hall tested three of the bags, which contained 86.76 grams of marijuana and 2.24 grams of cocaine. *Id.* An additional 77.43 grams of green leafy material was not tested. *Id.*

The trial court entered a judgment of acquittal on the Petitioner's escape charge. *Id.* The jury convicted the Petitioner of possession with intent to sell 0.5 grams or more of cocaine, possession with intent to deliver 0.5 grams or more of cocaine, possession with intent to sell 14.175 grams or more of marijuana, possession with intent to deliver 14.175 grams or more of marijuana, and possession of drug paraphernalia. *Id.* The trial court merged the cocaine offenses and merged the marijuana offenses. *Id.* The Petitioner was sentenced to an effective twenty-five-year term of confinement. *Id.* The Petitioner appealed, challenging the sufficiency of the evidence and the trial court's denial of his motion to suppress. *Id.*

After review, we concluded that the evidence was sufficient to support the Petitioner's convictions. *Id.* at *5. The Petitioner challenged on appeal the constitutionality of the officers' initial entry of his motel room but did not challenge the validity of the search warrant. *Id.* at *5-6. Because the Petitioner did not challenge the validity of the search warrant and the search warrant affidavit was not part of the appellate record, we concluded that the Petitioner waived his challenge to the search conducted pursuant to the warrant. *Id.* at *7. Nonetheless, this court stated that based on the trial court's reading from the affidavit during the suppression hearing, the officers on scene smelled the odor of marijuana emanating from the Petitioner's motel room. *Id.* Citing case law providing that "[t]he odor of an illegal substance alone can provide sufficient probable cause for the issuance of a search warrant," we concluded that "it appear[ed] there was probable cause to support the search pursuant to the search warrant ... that ultimately resulted in the recovery of the marijuana, cocaine, plastic bags, and scales." *Id.* (citing cases). However, in returning to this court's holding, we noted that all incriminating evidence was seized pursuant to the search warrant and that the Petitioner failed to challenge the search warrant on appeal. *Id.* Thus, we concluded that he failed to show that he was entitled to suppression of the evidence even if he could establish the initial entry was illegal. *Id.* This court affirmed the trial court's judgments, and the Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied. *Id.*

## Post-Conviction Proceedings

The Petitioner filed a timely pro se petition for post-conviction relief and filed an amended petition following the appointment of counsel. Among other claims not relevant to this appeal, the Petitioner claimed that counsel was ineffective by failing to challenge the validity of the search warrant on appeal. Relatedly, the Petitioner argued that counsel failed to challenge facts in the search warrant affidavit purportedly inconsistent with a witness' trial testimony and failed to include a copy of the affidavit in the appellate record. He also claimed the initial warrantless entry into the motel room was illegal and that the search warrant was invalid as a result.

At the hearing, the Petitioner testified that counsel represented him throughout the trial proceedings and on appeal. The Petitioner believed that "the challenge to the search warrant basically was [his] strongest claim because the affidavit for the search warrant was not based on an independent source." Before trial, counsel filed a motion to suppress challenging the validity of the search warrant, but the motion was denied. The Petitioner explained that counsel omitted the validity of the search warrant as an issue in the motion but raised it at the motion for new trial hearing. He believed that the trial court did not address that issue because the State did not have a chance to rebut it. He asserted that counsel's failure to include the issue in the motion for new trial resulted in the issue not

being preserved for appeal. The Petitioner "felt like it should have been argued on direct appeal as well because it's a serious issue," but counsel did not raise the issue on appeal. The Petitioner also stated that counsel failed to include the search warrant affidavit in the appellate record and that the affidavit would have shown that the "independent source doctrine [did not] validate the search warrant."

The Petitioner believed that Ms. Gallagher's statement that she smelled marijuana emanating from room 452 included in the search warrant affidavit was inconsistent with her trial testimony that the odor emanated "between [r]ooms 450 and 455." He believed that counsel should have impeached Ms. Gallagher at trial by using the affidavit and that admission of the affidavit at trial allowed the jury to consider false evidence. On cross-examination, the Petitioner agreed that room 452 was between rooms 450 and 455. The Petitioner stated that the trial court misread part of the affidavit into the record at the suppression hearing, which he believed caused this court on appeal to rely on the trial court's misstatement of the affidavit. The Petitioner stated that the trial court read that "officers were clearing the room in order to secure the room" but that the affidavit stated "that the officers were clearing the room for other possible persons in order to obtain a warrant."

Sergeant David White with the Jackson Police Department testified that he applied for the search warrant after officers on scene at the motel had made contact with the Petitioner. He stated that he obtained the information for the search warrant affidavit from officers on scene and that Officers Lambert and Smith were "probably the two primary initially responding officers." Sergeant White did not directly interact with the Petitioner.

Counsel testified that she was hired to represent the Petitioner after arraignment but before his first appearance. She filed a motion to suppress as part of her initial defense strategy, which challenged the legality of the initial entry into the motel room. However, the motion was denied because the trial court found the initial entry was constitutional. Counsel agreed that she chose not to challenge the validity of the search warrant in the written motion because she believed it was supported by probable cause. She agreed that the search warrant affidavit alleged that officers smelled marijuana as they approached the room. She explained that "we did discuss that even if the Court found the entry was invalid that they could still find the probable cause because of the smell." Counsel challenged the legality of the initial entry on appeal. On cross-examination, counsel agreed that she challenged the validity of the search warrant at the suppression hearing, at the motion for new trial, and on appeal. She did not recall if she made the search warrant affidavit part of the appellate record.

Counsel testified that she did not believe Ms. Gallagher's statements about the motel room from which the marijuana odor originated to be inconsistent, explaining that she "found one to be more narrow and one to be more broad." She did not recall the trial court's reading the search warrant affidavit on the record.

The search warrant affidavit was entered as an exhibit during the suppression hearing but was not included in the appellate record on direct appeal. The affidavit also was entered as an exhibit during the post-conviction hearing and stated in relevant part:

> Officer Blake Lambert and other Jackson Police Department officers responded to [the motel] because [Ms. Gallagher] smelled what she believed to be marijuana coming from room 452. Room 452 is registered to [the Petitioner]. Ofc. Lambert approached the door to room 452 which was propped open with the security latch. As he was about to knock on the door, [the Petitioner] opened the door. Ofc. Lambert immediately smelled a strong odor of what is believed to be raw marijuana coming from the room. At this time, he detained [the Petitioner] and began clearing the room for other possible persons in order to obtain a search warrant. While clearing the room, Ofc. Lambert observed a large amount of packaged marijuana sitting on the bed and on the side table next to the bed in plain view. There was also a clear plastic bag containing a white powder substance with cocaine on the side table next to the bed in plain view. While Ofc. Lambert was clearing the room, . . . [the Petitioner] fled on foot running down the stairs and out of the building. He was later captured and found to be in possession of a small amount of marijuana in his left sock. He also had an empty clear plastic bag in his left rear pocket.

In a written order following the hearing, the post-conviction court made a general credibility finding in favor of counsel. The post-conviction court also credited Sergeant White's testimony that the search warrant he sought contained information that was "true and accurate as to its contents." The court found that Sergeant White's testimony was not inconsistent with the contents of the search warrant affidavit. The court concluded that the Petitioner failed to establish either deficiency or prejudice. The Petitioner appeals.

## ANALYSIS

The Petitioner maintains that counsel was ineffective by failing to challenge the validity of the search warrant on direct appeal and raises a stand-alone claim that the search of his motel room was illegal. A petitioner may request post-conviction relief by asserting grounds alleging that his conviction or sentence is void or voidable because it abridged his constitutional rights provided by the Tennessee or the United States

Constitutions. T.C.A. § 40-30-103. To obtain post-conviction relief, a petitioner must prove the allegations of fact made in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, the post-conviction court's findings of fact are conclusive unless the evidence preponderates against them. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). "[Q]uestions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge." *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001) (citing *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997)). Additionally, appellate courts may not "substitute their own inferences for those drawn by the trial court." *Id.* (citing *Henley*, 960 S.W.2d at 579). This court reviews "a post-conviction court's conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013) (citations omitted).

### I. Ineffective Assistance of Appellate Counsel

A criminal defendant has a right to the assistance of counsel under the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The right to assistance of counsel inherently guarantees that counsel's assistance is "effective." *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). To prove that counsel was ineffective, a petitioner must show that (1) counsel performed deficiently and (2) such deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88. Because a petitioner must establish both deficiency and prejudice to prove ineffective assistance of counsel, a court need not address both prongs where the petitioner has failed to establish one of them. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

To demonstrate that counsel's deficient performance prejudiced the defense, a petitioner must prove "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Dellinger*, 279 S.W.3d at 294 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a claim of ineffective assistance of appellate counsel, the petitioner must show that there was a reasonable probability that the issue "would have affected the result of the appeal." *Campbell v. State*, 904 S.W.2d 594, 596 (Tenn. 1995) (citing *Evitts v. Lucey*, 469 U.S. 387 (1985)). In *Carpenter v. State*, the Tennessee Supreme Court detailed how courts are to review claims of ineffective assistance of appellate counsel:

> If a claim of ineffective assistance of counsel is based on the failure
> to raise a particular issue, . . . then the reviewing court must determine the

merits of the issue. Obviously, if an issue has no merit or is weak, then appellate counsel's performance will not be deficient if counsel fails to raise it. Likewise, unless the omitted issue has some merit, the petitioner suffers no prejudice from appellate counsel's failure to raise the issue on appeal. When an omitted issue is without merit, the petitioner cannot prevail on an ineffective assistance of counsel claim.

126 S.W.3d 879, 887-88 (Tenn. 2004) (internal citations omitted).

As we discussed above, this court on direct appeal concluded that the Petitioner waived any challenge to the search warrant's validity by failing to argue that it was invalid and by failing to include the warrant affidavit in the appellate record. *Donte Lavon Green*, 2019 WL 1595684, at *6. As a result, we affirmed the trial court's denial of his motion to suppress because the Petitioner's claim regarding the legality of the initial entry was not dispositive of the suppression of the evidence seized pursuant to the search warrant. *Id*. at *7. The Petitioner maintains that counsel was ineffective by failing to challenge the validity of the search warrant on appeal. Specifically, the Petitioner argues that under the totality of the circumstances, the magistrate lacked probable cause to issue the warrant because the plain smell of marijuana did not establish probable cause, because the affiant relayed other officers' plain smell of marijuana rather than experiencing it himself, and because the affidavit included statements by Ms. Gallagher which she purportedly contradicted in her testimony at trial. As part of this argument, the Petitioner contends that the initial entry into his motel room was illegal and that the observations were improperly used to obtain the search warrant. The Petitioner asserts that this court would have reversed his convictions or remanded for the trial court to make further findings if counsel had challenged the validity of the search warrant on appeal and included the affidavit in the appellate record. However, the Petitioner cannot show prejudice because even if counsel had challenged the validity of the search warrant and included the affidavit in the appellate record, the independent source doctrine applied and the search warrant was valid as a result.

The United States and Tennessee Constitutions both protect the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV (protecting "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."); Tenn. Const. art. I, § 7 (establishing the right of the people to "be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures."). Generally, law enforcement must obtain a valid warrant before conducting a search. *State v. Meeks*, 262 S.W.3d 710, 722 (Tenn. 2008). Searches and seizures conducted pursuant to valid warrants are presumptively reasonable, while searches and seizures conducted without a valid warrant are presumptively unreasonable. *State v. McCormick*, 494 S.W.3d 673, 679 (Tenn. 2016).

- 9 -

Because law enforcement entered the Petitioner's motel room to search, this case involved the "'chief evil'" at which the Fourth Amendment is aimed: physical entry into a home. *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1511 (6th Cir. 1988) (quoting *United States v. United States District Court*, 407 U.S. 297, 313 (1972)); *State v. Ross*, 49 S.W.3d 833, 840 (Tenn. 2001) (the Fourth Amendment protection of the home extends "to hotel rooms and other temporary living spaces" such as motel rooms). A warrantless search of a home is presumed to be unreasonable, even when law enforcement officers have probable cause to believe they will locate incriminating evidence inside. *State v. Carter*, 160 S.W.3d 526, 531 (Tenn. 2005). However, there are "'a few specifically established and well[-]delineated exceptions'" to the warrant requirement. *State v. Day*, 263 S.W.3d 891, 901 (Tenn. 2008) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971)).

Evidence seized pursuant to an unreasonable search or seizure, including one conducted pursuant to an invalid warrant, may be subject to the exclusionary rule, which bars the admission of evidence obtained illegally. *Mapp v. Ohio*, 367 U.S. 643, 649 (1961); *Carter*, 160 S.W.3d at 532. However, the seized evidence may be admissible if it "is subsequently discovered following the execution of a valid warrant upon facts independent and separate from information discovered as a result of the unlawful entry." *Carter*, 160 S.W.3d at 532. This exception to the exclusionary rule is known as the independent source doctrine and provides that "an unconstitutional entry does not compel exclusion of evidence found within a home if that evidence is subsequently discovered after execution of a valid warrant obtained on the basis of facts known entirely independent and separate from those discovered as a result of the illegal entry." *State v. Clark*, 844 S.W.2d 597, 600 (Tenn. 1992).

As this court stated in its opinion on direct appeal, "[i]n analyzing the validity of a search pursuant to a warrant, a court may redact an affidavit to remove any references to tainted information that was illegally obtained, and 'any resulting search is deemed constitutional so long as the redacted affidavit has been properly scrutinized and still suffices to establish probable cause.'" *Donte Lavon Green*, 2019 WL 1595684, at *6 (quoting *State v. Randall Keith Smith and Nicholas Ryan Flood*, No. W2009-02678-CCA-R3-CD, 2011 WL 6885348, at *7 (Tenn. Crim. App. Dec. 27, 2011)). "Such redaction is common practice in both the Sixth Circuit and Tennessee," *id.* (citing cases), and prevents law enforcement from being put "'in a worse position than they would have been absent any error or violation,'" *Murray v. United States*, 487 U.S. 533, 537 (1988) (quoting *Nix v. Williams*, 467 U.S. 431, 443 (1984)). "Probable cause is defined as 'a reasonable ground for suspicion, supported by circumstances indicative of an illegal act.'" *Carter*, 160 S.W.3d at 533 (quoting *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998)). Probable cause necessary for the issuance of a search warrant requires facts upon which "'a neutral and detached magistrate, reading the affidavit in a common sense and

practical manner,' can determine the existence of probable cause for the issuance of a search warrant." *Id.* (quoting *Henning*, 975 S.W.2d at 294). The search warrant affidavit must contain more than mere conclusory allegations by the affiant. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Henning*, 975 S.W.2d at 294. We review a magistrate's probable cause determination under the totality of the circumstances. *Gates*, 462 U.S. at 238; *State v. Tuttle*, 515 S.W.3d 282, 307-308 (Tenn. 2017) (adopting the *Gates* totality of the circumstances test for reviewing a warrant affidavit for probable cause under the Tennessee Constitution).

Disregarding the information obtained during the initial entry, the search warrant affidavit provides:

> Officer Blake Lambert and other Jackson Police Department officers responded to [the motel] because [Ms. Gallagher] smelled what she believed to be marijuana coming from room 452. Room 452 is registered to [the Petitioner]. Ofc. Lambert approached the door to room 452 which was propped open with the security latch. As he was about to knock on the door, [the Petitioner] opened the door. Ofc. Lambert immediately smelled a strong odor of what is believed to be raw marijuana coming from the room.

As this court recognized on direct appeal, the odor of an illegal substance alone can provide probable cause for the issuance of a search warrant. *Donte Lavon Green*, 2019 WL 1595684, at \*7 (citing *State v. Billy Joe Hodge*, No. W2016-01009-CCA-R3-CD, 2017 WL 4004229, at \*6 (Tenn. Crim. App. Sept. 8, 2017) (noting that "probable cause can be based solely on an officer's detection of the odor of marijuana" and concluding that the smell of marijuana from a residence provided probable cause for the search); *State v. Frederic A. Crosby*, No. W2013-02610-CCA-R3-CD, 2014 WL 4415924, at \*8 (Tenn. Crim. App. Sept. 9, 2014) (the smell of marijuana emanating from a person provided probable cause to search); *State v. James Castile*, No. M2004-02572-CCA-R3-CD, 2006 WL 1816371, at \*8 (Tenn. Crim. App. June 28, 2006) (determining "that the officers could have justified a warrantless search of the room based on the smell of methamphetamines alone" and rejecting the defendant's claim that an illegal pat-down entitled him to suppression of the evidence); *State v. Bradley Lonsinger*, No. M2003-03101-CCA-R3-CD, 2005 WL 49569, at \*5-6 (Tenn. Crim. App. Jan. 5, 2005) (noting that the odor of methamphetamine from the defendant's home alone established probable cause)). In this case, the affidavit stated that officers responded to the motel after Ms. Gallagher reported smelling what she believed was the odor of marijuana coming from room 452. When Officer Lambert approached the door to room 452 and before Officer Lambert could knock, the Petitioner opened the door, and Officer Lambert smelled the "strong odor" of what he believed was raw marijuana. This information alone provided

an independent and separate source of information for probable cause supporting the issuance of the warrant. *See Carter*, 160 S.W.3d at 532; *Clark*, 844 S.W.2d at 600.

The Petitioner concedes that "prior case law does support the general proposition that the odor of raw marijuana may or can be enough on its own to establish probable cause," (emphasis omitted) but he nonetheless cites in his reply brief articles contesting that prior case law and argues that the plain smell of marijuana did not establish probable cause in this case. *See, e.g.* Cynthia A. Sherwood, et al., "Even Dogs Can't Smell the Difference," 55 Tenn. B.J. 14, 18 (Dec. 2019) (explaining that "the premise of plain smell [of marijuana] is now bankrupt" because the odor of hemp, which is now legal to possess in Tennessee, is indistinguishable from the odor of marijuana). The Petitioner has waived the contention that the warrant lacked probable cause on the assertion that the smell of marijuana and hemp are so similar as to be indistinguishable. He introduced no proof at the post-conviction hearing regarding the similarity or dissimilarity of the two substances, and he did not present the issue to the post-conviction court for factual findings. A petitioner may not assert one ground for relief in the trial court and then pursue a different theory on appeal. *State v. Adkisson*, 899 S.W.2d 626, 634-35 (Tenn. Crim. App. 1994). Also, the Petitioner raises this issue for the first time in his reply brief. "Issues raised for the first time in a reply brief are waived." *See Hughes v. Tennessee Bd. of Prob. & Parole*, 514 S.W.3d 707, 724 (Tenn. 2017)). Therefore, we do not resolve in this case whether the plain smell of marijuana alone is sufficient to establish probable cause for the issuance of a search warrant as it involves the distinction between the odor of marijuana versus the odor of hemp. Because that issue is not before this court, we rely in this case on our precedent that the plain smell of an illegal substance can establish probable cause.

The Petitioner also contends that the magistrate improperly relied on Sergeant White's sworn statements of other officers' plain smell of marijuana when Sergeant White himself did not personally smell the odor of marijuana. To the contrary, "[o]bservations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca*, 380 U.S. 102, 111 (1965); *State v. Smotherman*, 201 S.W.3d 657, 663 (Tenn. 2006) *State v. Wine*, 787 S.W.2d 31, 33 (Tenn. Crim. App. 1989); *State v. Brown*, 638 S.W.2d 436, 438 (Tenn. Crim. App. 1982). The magistrate was entitled to rely on the observations made by Officer Lambert "and other Jackson Police Department officers" but sworn to by Sergeant White in the affidavit. Therefore, counsel's failure to challenge the warrant on this basis on direct appeal did not result in prejudice.

Finally, the Petitioner asserts that the affidavit stated that Ms. Gallagher directed officers to room 452 but that she testified at trial that she directed officers to a range of rooms between 450 and 455. "In reviewing the existence of probable cause for issuance

of a warrant, we may consider only the affidavit and may not consider any other evidence known by the affiant or provided to or possessed by the issuing magistrate." *Carter*, 160 S.W.3d at 533. Ms. Gallagher's trial testimony is beyond the four corners of the affidavit and we would not have considered it in reviewing the magistrate's probable cause determination on direct appeal. Therefore, he has not established prejudice for counsel's failure to challenge the warrant's validity on this basis on direct appeal.

We conclude that under the totality of the circumstances, the search warrant affidavit was sufficient to establish probable cause for the search of the motel room even after any references to the officers' observations upon entering the motel room were removed. Thus, even if the officers' initial entry was unconstitutional, the independent source doctrine applies. The Petitioner has not shown any prejudice from counsel's failure to challenge the validity of the search warrant on direct appeal because that claim would not have been meritorious. He is not entitled to relief.

## II. The Search of the Motel Room and Seizure of Illegal Substances

The Petitioner also raises a stand-alone claim that his judgments are voidable because his Fourth Amendment rights and the equivalent state constitutional protections were violated when police seized the drugs and drug paraphernalia in his motel room. The Post-Conviction Procedure Act directs the post-conviction court to dismiss a petition "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." T.C.A. § 40-30-106(f). Subject to exceptions not invoked by the Petitioner in this case, "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." *Id.* § 40-30-106(g). The Petitioner must overcome the "rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived." *Id.* § 40-30-110(f).

In the present case, the Petitioner filed a pretrial motion to suppress evidence obtained from the motel room and argued at the suppression hearing that the search warrant was invalid. *Donte Lavon Green*, 2019 WL 1595684, at *6, 7. The Petitioner did not challenge the validity of the search warrant on appeal and did not include the search warrant affidavit in the appellate record. *Id.* at *7. As a result, we concluded that the Petitioner's challenge to the search warrant was waived and affirmed the trial court's denial of his motion. *Id.* Because the Petitioner could have challenged the validity of the search warrant on direct appeal but failed to do so, he has waived this claim for purposes of post-conviction relief. *See House v. State*, 911 S.W.2d 705, 714 (Tenn. 1995) ("Waiver in the post-conviction context is to be determined by an objective standard

under which a petitioner is bound by the action or inaction of his attorney."); s*ee also Dennis Allen Rayfield v. State*, No. M2020-00546-CCA-R3-PC, 2021 WL 4205714, at *6 (Tenn. Crim. App. Sept. 16, 2021) (the petitioner waived claims for post-conviction relief by failing to raise them on direct appeal) (citing *House*, 911 S.W.2d at 714), *no perm. app. filed*. Moreover, having determined the Petitioner's challenge to the validity of the search warrant is waived, the legality of the initial entry to his motel room is not dispositive of the suppression of evidence seized pursuant to the warrant. *See Donte Lavon Green*, 2019 WL 1595684, at *7. We have reviewed above the Petitioner's claims regarding counsel's failure to challenge the warrant's validity. The Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE